# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RYEKI STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N23C-10-084 CLS |
| JOEL EDDY, STATE FARM | ) | |
| MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, and | ) | |
| GRAY CONSTRUCTION, INC., | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: December 31, 2024
Decided: March 13, 2025

*Upon Consideration of Defendant Gray Construction, Inc.'s Motion for Summary Judgment,*
**GRANTED**.

## OPINION

Amanda K. Dobies, Esquire of KIMMEL CARTER ROMAN PELTZ & O'NEILL, *Attorney for Plaintiff*.

Patrick G. Rock, Esquire of HECKLER & FRABIZZIO, *Attorney for Defendant Gray Construction, Inc*.

**SCOTT, J.**

# FACTS AND PROCEDURAL HISTORY[1]

This matter comes before the Court on Defendant Gray Construction, Inc.'s ("Gray Construction") Motion for Summary Judgment.[2] The case stems from an alleged motor vehicle accident that occurred on October 20, 2021, on Interstate 495 in New Castle County, Delaware.[3] Plaintiff Ryeki Stewart ("Plaintiff") alleges that Defendant Joel Eddy ("Eddy") failed to remain in his lane and struck Plaintiff's vehicle, resulting in injuries and damages.[4]

On October 10, 2023, Plaintiff filed his original Complaint against Eddy.[5] The Complaint did not name Gray Construction as a defendant.

Plaintiff took Eddy's deposition on March 8, 2024,[6] and filed a Motion to Amend the Complaint the following day.[7] The Court granted this motion on May 7,

---

[1] The facts described here are drawn from the Amended Complaint and all documents the parties incorporated by reference. The Court accepts those facts solely for the purpose of ruling on the Motion.

[2] *See generally* Defendant Gray Construction, Inc.'s Motion for Summary Judgment, D.I. 40 ("MSJ").

[3] *See* Amended Complaint ¶ 1, D.I. 25 ("Am. Compl.").

[4] *Id.* Plaintiff claims to have identified Eddy's vehicle before he left the scene.

[5] *See generally* Complaint, D.I. 1.

[6] *See* Plaintiff's Response in Opposition to Defendant Gray Construction's Motion for Summary Judgment ¶ 3, D.I. 48 ("Opp'n to MSJ").

[7] D.I. 20.

2024,[8] and Plaintiff filed the Amended Complaint on May 9, 2024.[9] The Amended Complaint added Gray Construction as a defendant, alleging that Eddy was operating his vehicle within the course and scope of his employment with Gray Construction at the time of the accident.[10] Plaintiff further alleged negligent entrustment and vicarious liability against Gray Construction.[11]

Gray Construction now moves for summary judgment on two grounds: (1) that Plaintiff's claims against it are barred by the statute of limitations, and (2) that no agency relationship existed between Gray Construction and Eddy at the time of the alleged accident.[12] The matter is fully briefed,[13] and ripe for decision.

## STANDARD OF REVIEW

The burden of proof on a motion for summary judgment under Superior Court Civil Rule 56 falls on the moving party to demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[14] If the moving party satisfies its initial burden, the non-moving party must

---

[8] D.I. 24.

[9] *See generally* Am. Compl.

[10] *See id.*

[11] *See id.*

[12] MSJ at 1.

[13] *See* Opp'n to MSJ.

[14] Super. Ct. Civ. R. 56(c).

3

sufficiently establish the "existence of one or more genuine issues of material fact."[15] Summary judgment will not be granted if there is a material fact in dispute or if "it seems desirable to inquire thoroughly into [the facts] in order to clarify the application of the law to the circumstances."[16] "All facts and reasonable inferences must be considered in a light most favorable to the non-moving party."[17]

## DISCUSSION

Delaware law provides a two-year statute of limitations for personal injury actions.[18] The accident in this case allegedly occurred on October 20, 2021.[19] Plaintiff filed his original Complaint against Defendant Eddy on October 10, 2023,[20] within the limitation period. Gray Construction, however, was not named as a

---

[15] *Quality Elec. Co., Inc. v. E. States Const. Serv., Inc.*, 663 A.2d 488, 1995 WL 379125, at *3–4 (Del. 1995); *see also Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979).

[16] *Ebersole v. Lowengrub*, 180 A.2d 467, 469–70 (Del. 1962). *See also CNH Indus. Am. LLC v. Am. Cas. Co. of Reading*, 2015 WL 3863225, at *1 (Del. Super. June 8, 2015).

[17] *Nutt v. A.C. & S. Co., Inc.*, 517 A.2d 690, 692 (Del. Super. 1986) (citing *Mechell v. Plamer*, 343 A.2d 620, 621 (Del. 1975); *Allstate Auto Leasing Co. v. Caldwell*, 394 A.2d 748, 752 (Del. Super. 1978)).

[18] 10 *Del. C.* § 8107.

[19] Am. Compl. ¶ 1.

[20] D.I. 1.

defendant until the Amended Complaint was filed on May 9, 2024,[21] well after the two-year limitations period had expired.[22]

Plaintiff argues that the Amended Complaint relates back to the date of the original Complaint under Superior Court Civil Rule 15(c).[23] Rule 15(c) permits an amendment changing or adding a party to relate back to the date of the original pleading if the amended complaint: "(1) relates to the same conduct or occurrence set forth in the original pleading, (2) within the period provided by statute or these Rules for service of the summons and complaint, the party sought to be added received notice of the action, and (3) knew or should have known that but for a mistake, it would have been named initially."[24]

Delaware courts have interpreted Rule 15(c) and Rule 4(j)[25] to require that the added party receive notice of the institution of the action within 120 days after the expiration of the limitations period.[26] "The 'such notice' requirement is not notice

---

[21] Am. Compl.

[22] Even taking the Motion to Amend the Complaint date, which is filed on March 18, 2024, it is still after the statute of limitation period.

[23] Opp'n to MSJ at 3–5.

[24] *Clifton v. Rite Aid of Delaware, Inc.*, 2020 WL 3865282, at *1 (Del. Super. July 8, 2020) (citing D.R.C.P. Rule 15(c)).

[25] Under Rule 4(j), a complaint and summons must be served within 120 days after filing. Super. Ct. Civ. R. 4(j).

[26] *See Clifton*, 2020 WL 3865282; *see also Franco v. Acme Markets*, 2018 WL (Del. Super. Nov. 7, 2018), *corrected* (Feb. 25, 2019).

of the incident giving rise to the cause of action, but is rather notice of the pending lawsuit itself."[27]  "This notice can be either formal or informal; 'service of process is not mandated, and [such notice] may not even have to be in writing.'"[28]  Therefore, the question becomes whether, within the limitations period or 120 days thereafter, Gray Construction learned that but for a mistake, it would have been named in the lawsuit.  Not so.

Here, the two-year statute of limitations expired on October 20, 2023.  Adding 120 days to this date results in a notice deadline of February 19, 2024.[29]  Gray Construction, however, had no knowledge of any accident or litigation involving Eddy until March 2024.[30]  This timeline clearly falls outside both the limitations period and the additional 120-day notice period.

Plaintiff cites to *Codrey v. Doughty* to support the relation back.[31]  This reliance is misplaced.  Indeed, in *Codrey*, this Court held that the amended complaint

---

[27] *Est. of Oristano by Tuchman v. Avmont, LLC*, 2024 WL 3876550, at *4 (Del. Super. Aug. 20, 2024) (citing *Mergenthaler, Inc. v. Jefferson*, 332 A.2d 396, 397 (Del. 1975)).

[28] *Id.* (citations omitted).

[29] "The Court retains its belief that Rule 15(c)(2) effectively extends the statute of limitations by 120 days regardless of when the initial complaint was filed."  *Clifton*, 2020 WL 3865282, at *2.  Technically, the deadline should be February 17, 2024, which fell on a Saturday.  Pursuant to Superior Court Civil Rule 6(a), the period would extend to the next business, which is February 19, 2024.  Super. Ct. Civ. R. 6(a).

[30] MSJ at 2–3; *see also* MSJ, Ex. B.

[31] Opp'n to MSJ at 4 (citing *Cordrey v. Doughty*, 2017 WL 4676593 (Del. Super. Oct. 11, 2017)).

6

related back to the original complaint.[32] However, the notice was received by the "intended defendants" within the 120-day period after the expiration of the statute of limitations.[33] Here, Gray Construction did not receive notice until March 2024, after the expiration of the 120-day period. The timing of notice—not the justification for the delayed naming of a defendant—remains the distinctive and dispositive factor here.

The March 2024 notice timeline is undisputed, yet Plaintiff suggests that additional discovery might reveal Gray Construction had earlier notice.[34] However, Plaintiff has not presented any records indicating that such discovery would yield evidence of timely notice, nor did he offer anything to convince the Court that Gray Construction had reason to know of the lawsuit before the limitations period.

Therefore, the second and third prong under Rule 15(c) are not satisfied, and the Amended Complaint cannot relate back to the date of the original Complaint. Consequently, Plaintiff's claims against Gray Construction are barred by the statute of limitations. Given this, the Court need not address Gray Construction's alternative argument regarding the absence of an agency relationship.

---

[32] *Cordrey*, 2017 WL 4676593, at *6.

[33] *Id.* at *1–2.

[34] Opp'n to MSJ ¶ 9.

## CONCLUSION

For the foregoing reasons, Defendant Gray Construction's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

*/s/ Calvin Scott*

Judge Calvin L. Scott, Jr.