**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

VIVIAN L. MEDINILLA
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0626

February 11, 2019

Douglas A. Shachtman, Esquire
The Shachtman Law Firm
1200 Pennsylvania Avenue
Suite 302
Wilmington, Delaware 19806

Arthur D. Kuhl, Esquire
Reger Rizzo & Darnall LLP
Brandywine Plaza East
1523 Concord Pike, Suite 200
Wilmington, Delaware 19803

Christopher H. Lee, Esquire
Cooch and Taylor, P.A.
The Brandywine Building
1000 West Street, 10th Floor
Wilmington, Delaware 19801

> Re: **CONSOL'D** *Beyond Building, Inc. et al., v. Mark Fiss, et al.*
> **C.A. No.: N16L-09-081 VLM**

Dear Counsel:

This is the Court's ruling on John E. Steele, Jr., Inc. ("Steele")'s Motion for Summary Judgment. For the reasons stated below, Steele's Motion is **DENIED**.

### *Procedural and Factual Background*

This action arises from a consolidated case dealing with claims for a mechanics' lien and breaches of contract arising from a home renovation project. Mark Fiss and Marissa Schnelle ("Fiss" and "Schnelle" or collectively "Owners") hired Beyond Building, Inc. ("BBI") as the general contractor for the additions and renovations of their home at 108 Augustine Cut-off, Wilmington, Delaware 19803 ("Property"). The Owners and BBI entered into a contract and work began in October 2014.

On or about September 16, 2015, BBI subcontracted with John E. Steele, Jr., Inc., for Steele to perform work at the Property, including the installation of roofing, gutters, and siding.[1] This contract provides "Payment: on completion of the above completed work."[2] On or about October 27, 2015, Steele and BBI modified the contract to change the type of gutters to be used for the project. Steele invoiced BBI in the amounts of $27,090 and $6,633, on April 1, 2016 and June 22, 2016, respectively, for work it performed under the contract.[3] BBI has not paid the invoices for the work Steele performed, which totals $33,720.[4] Steele alleges BBI breached the contract by not paying for the roofing work it performed on the construction project.

On August 18, 2016, Steele filed its Complaint in the Court of Common Pleas. On September 21, 2016, BBI filed its statement of Mechanics' Lien and Complaint for breach of contract claim against Owners. On October 21, 2016, Steele's Complaint against BBI was transferred from the Court of Common Pleas to the Superior Court. On March 24, 2017, the two cases were consolidated into this matter. On November 29, 2018, Steele filed its Motion for Summary Judgment.[5] The response and reply to this motion were filed by January 9, 2019. The Court held oral arguments on January 22, 2019 and it requested additional submissions from both parties regarding the applicability of 6 *Del. C.* § 3501 *et seq.*[6] On January 30, 2019, both parties filed their supplemental submissions and the matter is now ripe for review.

## *Standard of Review*

The burden of proof on a motion for summary judgment falls on the moving party to demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[7] If the moving party satisfies its initial burden, the non-moving party must sufficiently establish the

---

[1] John E. Steele Jr., Inc.'s Mot. for Summ. J. ¶ 8 [hereinafter Steele Mot. for Summ. J.].

[2] Steele Mot. for Summ. J. ¶ 8, at Ex. A.

[3] *Id.* ¶ 9.

[4] *Id.* ¶ 10.

[5] The parties filed additional motions for summary judgment, including two filed by BBI and one filed by Fiss and Schnelle. The Court ruled upon these other motions during oral arguments held on January 22, 2019. The Court denied both of BBI's motions for summary judgment, and Fiss and Schnelle's motion for partial summary judgment was withdrawn.

[6] 6 *Del. C.* § 3501 *et seq.*

[7] Super. Ct. Civ. R. 56(c).

"existence of one or more genuine issues of material fact."[8]  Summary judgment will not be granted if there is a material fact in dispute or if "it seems desirable to inquire thoroughly into [the facts] in order to clarify the application of the law to the circumstances."[9]  "All facts and reasonable inferences must be considered in a light most favorable to the non-moving party."[10]

## *Discussion*

Steele argues that it is entitled to judgment as a matter of law based on breach of contract and the Construction Prompt Payment Act (the "Act"), 6 *Del. C.* § 3501 *et seq.*,[11] which is intended to protect contractors from owners or general contractors who fail to make timely payments.[12]  Steele argues that under various provisions of 6 *Del. C.* § 3501 *et seq.*, it is entitled to payment for the unpaid invoices plus interest, as well as reasonable attorney's fees.[13]  Steele initially argued that 6 *Del. C.* §§ 3507, 3508, and 3509 apply to the case at bar.[14]  In light of supplemental submissions from the parties, both sides agree that the "penalty and attorney's fee provisions of §§ 3507 and 3509 do not apply to this situation."[15]  The Court will not apply these provisions to its analysis of Steele's motion.

Steele argues relief is warranted because BBI did not contest the invoices and the Owners were satisfied, after inspection, that Steele's renovations were done in a workmanlike manner.[16]  The Owners, through signed affidavits, testified that they paid BBI for Steele's work.[17]  Steele asserts that although certain sections of the Act do not apply to this project, it is still entitled to payment in the amount of $33,723

---

[8] *Quality Elec. Co., Inc. v. E. States Const. Serv., Inc.*, 663 A.2d 488, 1995 WL 379125, at \*3-4 (Del. 1995).  *See also* Rule 56(e); *Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979).

[9] *Ebersole v. Lowengrub*, 180 A.2d 467, 469-70 (Del. 1962).

[10] *Nutt v. A.C. & S. Co., Inc.*, 517 A.2d 690, 692 (Del. Super. 1986) (citing *Mechell v. Plamer*, 343 A.2d 620, 621 (Del. 1975); *Allstate Auto Leasing Co. v. Caldwell*, 394 A.2d 748, 752 (Del. Super. 1978)).

[11] 6 *Del. C.* § 3501 *et seq.*

[12] Steele Mot. for Summ. J. ¶ 1.

[13] *See generally id.*

[14] The Court requested additional information from the parties regarding the applicability of these statutory provisions.  These supplemental submissions were filed by January 30, 2019.

[15] *See* Supplemental Letter submitted on behalf of John E. Steele, Jr., Inc., dated January 30, 2019 [hereinafter Steele Letter].  *See also* Supplemental Letter submitted on behalf of Beyond Building, Inc., dated January 30, 2019 [hereinafter BBI Letter].

[16] Steele Mot. for Summ. J. ¶ 11.

[17] *Id.*, at Ex. E.

plus 18% APR interest.[18] Steele further argues that BBI's principals were at the Property to inspect it, and did not then mention any deficiencies in Steele's work.[19] Finally, Steele maintains that it is entitled to reasonable attorney's fees under 6 *Del. C.* § 3506(e), arguing that BBI's withholding payment demonstrates a lack of good faith for a reasonable cause.[20]

Relying primarily on the application of §§ 3502, 3504, and 3506, this Court finds there is no entitlement to damages or attorneys' fees *at this juncture* because there are still material issues of genuine fact regarding the breaches that occurred with this contract, and whether Steele completed the project that would trigger payments due under the Act. There are questions for the trier of fact regarding whether Steele complied with the manufacturer's recommendations and whether the project was completed to require payment to Steele. In viewing the facts in the light most favorable to BBI, Steele is not entitled to judgment as a matter of law for the unpaid invoices, interest, and reasonable attorney's fees.

Therefore, John E. Steele, Jr., Inc.'s Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED**.

Vivian L. Medinilla
Judge

---

[18] *See* Steele Letter.

[19] Steele Mot. for Summ. J. ¶ 13. While not fully developed in the initial pleadings, this Court will accept a renewed Motion for Summary Judgment for the reasons raised at the pre-trial conference on February 11, 2019.

[20] *See* Steele Letter.

4