**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| WERNER RATH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N17C-08-228 ASB |
| | ) | |
| 3M COMPANY, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Submitted: March 27, 2019
Decided: April 5, 2019

*Upon Defendant Oyj Partek Ab's Motion for Summary Judgment,*
**GRANTED**.

Loreto P. Rufo, Esq., *(argued)* of Rufo Associates PA, Wilmington, Delaware. *Attorney for Defendant*

Thomas C. Crumplar, Esq. *(argued)*, of Jacobs & Crumplar, P.A., Wilmington, Delaware; Donald P. Blydenburgh, Esq. and Patrick I. Andrews, Esq., Levy Konigsberg, LLP, New York, New York. *Attorneys for Plaintiff.*

**MEDINILLA, J.**

**AND NOW** this 5th day of April, 2019, upon consideration of Defendant Oyj Partek Ab ("Partek")'s Motion for Summary Judgment, the responses thereto, and the parties' oral arguments, **IT IS HEREBY ORDERED** that the Motion for Summary Judgment is **GRANTED** for the following reasons:

1.     Plaintiff Werner Rath ("Rath") alleges he suffered occupational exposure to asbestos while working as a union carpenter at a number of industrial sites to include the Getty Oil Refinery in Delaware City, the Sunolin Plant in Claymont, and the Delmarva Power & Light facility in Delaware City, the Salem Nuclear Power Plant in Salem, New Jersey, and other DuPont facilities, including manufacturing plants in Newport and Edgemoor, Delaware.

2.     On September 20, 2017, one week before Rath was to be deposed, Plaintiff's counsel filed a Motion for Leave to Amend to file an Amended Complaint joining additional Defendants, including Partek and added a claim for environmental exposure from proximity to the Haveg plant.[1]

3.     The Haveg Industries plant—now demolished—is one of two sites in Delaware where asbestos associated with Partek was used in the manufacturing processes.[2] Partek was not the only supplier of asbestos used at those plants. Partek supplied asbestos to the Haveg plant during December 1964 to May 1975.

---

[1] *See* Pl.'s Mot. to Am. Compl.; *see also* First Am. Compl.
[2] Asbestos associated with Partek was also used in the manufacturing process at the Avisun plant in New Castle, also now demolished.

2

4. The sole allegation of the environmental exposure claim is that Rath "was exposed to asbestos fibers environmentally while living at his home…between 1962-1973. This address was in close proximity to the Haveg plant being three-quarters of a mile of the plant."[3] It is undisputed that Rath never worked at the Haveg plant. Also undisputed is that Rath lived within this approximate distance of three-quarters of the Haveg plant.

5. Plaintiffs filed a Witness & Exhibit List intended to be introduced to support the claim against Partek, including four expert witnesses, two treating physicians, four "damages" witnesses, and approximately forty identification/exposure witnesses. Partek maintains that none provide evidence that Rath was exposed to asbestos associated with Partek. In addition, Rath identified Dr. Joseph Sobel, a meteorologist to provide wind estimations related to the environmental claim.

6. Dr. Sobel produced a report wherein he states he was asked to determine "average wind conditions in the vicinity of the former Haveg Plant…from September 1964 through January 1972…in order to estimate the exposure that [Rath] had to asbestos which we understand was used extensively at the plant during that time period."[4] The analysis took into consideration various data sets that

---

[3] First Am. Compl. ¶ 39.
[4] *See* Def.'s Mot. Summ. J., Ex. E at 1.

3

suggested the "wind would have blown from the Haveg plant toward [Rath's residence] an average of 810 [or 875 depending on the data set] hours per year." In sum, he opines that the wind traveled in the general direction of Rath's residence approximately ten percent of the time.[5] He opines as such within a reasonable degree of scientific probability.

7. The medical experts Rath intends to introduce opine that Rath's exposure was caused by the occupational, exposure to asbestos while working on the various sites previously noted. Rath's counsel suggested to the Court that the expert could simply modify his/her opinion to include reference to Partek. Discovery is closed and the Defendant is entitled to test the sufficiency of plaintiff's evidence with confidence that the record is fixed.[6]

8. Delaware Superior Court Civil Rule 56 mandates the granting of summary judgment where the moving party demonstrates that "there is no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law."[7] "Once the movant meets its burden, then the burden shifts to the non-movant to demonstrate sufficiently an existence of one or more genuine issues

---

[5] Rath does not dispute that his residence is located across a creek, up a hill, across a major highway, and approximately three-quarters of a mile away from the Haveg plant.
[6] *In re Asbestos Litig. (Tisdel),* 2006 WL 3492370, at *4 (Del. Super. Nov. 28, 2006) (citation omitted).
[7] Super. Ct. Civ. R. 56(c).

4

of material fact."[8] Summary judgment will not be granted if there is a material fact in dispute or if it "seems desirable to inquire thoroughly into [the facts] in order to clarify the application of the law to the circumstances."[9] In considering the motion, "[a]ll facts and reasonable inferences must be considered in a light most favorable to the non-moving party."[10] However, the Court shall not "indulge in speculation and conjecture; a motion for summary judgment is decided on the record presented and not on evidence potentially possible."[11] The parties agree Delaware substantive law applies.

9. Under Delaware law a plaintiff must show "some evidence that not only was a particular defendant's asbestos containing product present at the job site, but also that the plaintiff was in proximity to that product at the time it was being used."[12] "A plaintiff simply establishing that a defendant's product was present at plaintiff's work-site is not sufficient to establish product nexus."[13] The initial burden is on the

---

[8] *Quality Elec. Co., Inc. v. E. States Const. Serv., Inc.*, 663 A.2d 488 (Del. 1995). *See also* Super. Ct. Civ. R. 56(e); *Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979).

[9] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962).

[10] *Nutt v. A.C. & S. Co.*, 517 A.2d 690, 692 (Del. Super. 1986) (citing *Mechell v. Palmer*, 343 A.2d, 621 (Del. 1975); *Allstate Auto Leasing Co. v. Caldwell*, 394 A.2d 748, 752 (Del. Super. 1978)).

[11] *In re Asbestos Litig.*, 509 A.2d 1116 (Del. Super. 1986), *aff'd sub. nom. Nicolet, Inc. v. Nutt*, 525 A.2d 146 (Del. 1987).

[12] *Nutt*, 517 A.2d at 692 (citation omitted); *see e.g.*, *In re Asbestos Litigation (Truitt)*, 2011 WL 5429168, at * 2 (Del. Super. Oct. 6, 2011).

[13] *Collins v. Ashland, Inc.*, 2009 WL 81297, at *3 (Del. Super. Jan. 6, 2009) (citing *Lee v. A.C. & S., Inc.*, 1986 WL 15421, at 1 (Del. Super. Dec. 15, 1986)).

plaintiff to establish "some evidence" of product nexus as to this time and place standard.[14]

10. Here, Dr. Sobel does not opine that any asbestos from Haveg traveled to Rath's house to support the environmental exposure claim. His determination was limited to opine in which direction the wind generally blew. He produces the report "to estimate the exposure that [Rath] had to asbestos which we understand was used extensively at the plant...." Notably, Dr. Sobel indicates that his understanding (not his opinion) was that asbestos (non-specific) was used extensively *at the plant*. It is undisputed that asbestos was used at the Haveg plant. But the claim is not that Rath was exposed at the plant. Rath must establish he was exposed at his home. Even as to this point, the most the report provides is that the wind "would have blown from the Haveg plant *toward* [Rath's address] approximately 10% of the time." This does not establish that any asbestos product, let alone a Partek associated product, was released into the wind.

11. This Court finds that Rath fails to establish product nexus and fails to provide evidence that create a genuine issue of material fact whether he was exposed by an asbestos-containing product associated with Partek. Reliance on Dr. Sobel's report to establish that respirable asbestos dust associated with Partek traveled in the direction of Plaintiff's residence and exposed him to this asbestos requires

---

[14] *Collins v. Ashland, Inc.*, 2009 WL 81297, at *3 (citing *Nutt*, 517 A.2d at 692).

6

impermissible speculation. Plaintiff has not presented evidence from which a jury could reasonably infer, without undue speculation, that Rath was exposed to asbestos-containing products produced by Partek.

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**.

Judge Vivian L. Medinilla

cc:     All Counsel of Record (*via File/Serve*)