**Joseph MECHELL et al., Plaintiffs below, Appellants,**

v.

**Warner P. PALMER et al., Defendants below, Appellees.**

Supreme Court of Delaware.

Argued June 18, 1975.

Decided July 29, 1975.

---

sue. The Superior Court concluded that they had not and granted defendant Wilmington Towing Company's motion for summary judgment.

## I

Agency is a fact to be proved but it may be implied from circumstances. One who delegates power to act is responsible for what is done pursuant to that authority. 3 *Am.Jur.*2d Agency § 2. Whether or not such delegation has been made and what was done pursuant thereto may be proved by deductions or inferences, including the words and conduct of the parties. *Am.Jur.*2d supra § 18.

In resisting defendant's motion for summary judgment plaintiffs were obliged to demonstrate on the record that there is a triable issue. Plaintiffs are, of course, entitled to have that record read in the way most favorable to them, and they get the benefit of any inferences therefrom.

## II

Turning now to the record, it appears that a vehicle owned by plaintiffs was struck by a tow truck owned by defendant Wilmington Towing Company (WTC) and operated by defendant Warner P. Palmer. The critical fact question is whether Palmer, who was not a regular employee of WTC, was operating the truck as its agent at the time of collision.

WTC was in the "towing" business when the accident occurred and at that time Palmer had a vehicle in tow. At the scene Palmer told an investigating police officer that he was working for WTC, and its managing partner, Robert W. Scarlet, Jr., appeared and produced a certificate of insurance coverage for WTC.

WTC was a two-man corporation with seven trucks and twelve employees. Scarlet managed the business and acted as dispatcher. WTC operated out of a gasoline

Wilfred J. Smith, Jr. and James J. Walsh, Wilmington, for plaintiffs-appellants.

B. Wilson Redfearn and Jeffrey S. Goddess, Tybout & Redfearn, Wilmington, for Wilmington Towing Co.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

DUFFY, Justice:

The determinative question on appeal in this personal injury action is whether plaintiffs produced sufficient evidence of an agency relationship to create a jury is-

service station which, according to Scarlet, it also "run[s] entirely."[1] Defendant Charles Clark ran the station under an informal and rather vague arrangement with WTC.[2] At times WTC "tow[ed] cars for him" for a fee, and at times he towed cars for it at $5 apiece. Palmer worked for Clark "right next" to Scarlet, who saw him "every day dozens of times."

Scarlet testified that WTC was open twenty-four hours a day, the keys were always in the trucks and someone was always at the station. When Scarlet was not available his secretary dispatched tow trucks, so did Clark and so, apparently, did "[a]ny one of a hundred policemen that have been standing around there when" WTC was busy. In short, dispatching was done by "numbers of people," some of whom were not employed by WTC.

While Scarlet testified that Clark did not have authority to dispatch someone other than a WTC employee, that is not determinative. Indeed, Clark may not have been on the premises at the time Palmer apparently drove the truck away. Scarlet was not there. And the record is silent about whom the "numbers of" other informal dispatchers selected and sent on WTC towing business.

Give the 24-hour operation of WTC's business, the informal way in which "[a]ny one of a hundred policemen" dispatched tow trucks and the absence of any showing by defendants as to who was authorized to dispatch trucks (or who, in fact, was performing that function at the time in question), we cannot say as a matter of law that Palmer was operating the tow truck without WTC's authority. In brief, authority to dispatch a tow truck may be implied in Clark and other persons from the way in which WTC conducted its business. *Biddle v. Haldas Bros.*, Del. Super., 8 W.W.Harr. 210, 190 A. 588 (1937); certainly there is evidence of a

"custom" as to how that was done. Cf. *James Bradford Co. v. Edward Hill's Son & Co.*, Del.Supr., 1 W.W.Harr. 538, 116 A. 353 (1922). The evidence as to dispatching, together with evidence of the circumstances surrounding the accident, create a jury issue of agency. There are gaps and uncertainties as to precisely what took place but we are satisfied that plaintiffs have adduced enough to withstand a motion for summary judgment.

\* \* \* \* \* \*

Reversed.

---

1. All quotations from the record appear in Mr. Scarlet's deposition.

2. Apparently, Mr. Palmer has died and Mr. Clark has disappeared.