**SUPERIOR COURT**
OF THE

VIVIAN L. MEDINILLA
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0626

March 7, 2019

Joseph C. Handlon, Esquire
Carvel State Office Building
820 N. French Street, 6ᵗʰ Floor
Wilmington, Delaware 19801

Paul A. Wernle, Jr., Esquire
Law Office of Paul A. Wernle, Jr.
2 Penns Way, Suite 202
New Castle, Delaware 19720

Wade A. Adams III, Esquire
Law Offices of Chrissinger & Baumberger
3 Mill Road, Suite 301
Wilmington, Delaware 19806

> **Re:** *Clay Echevarria v. State of Delaware Insurance Coverage Office and Liberty Mutual General Insurance Company*
> <u>**C.A. No.: N18C-07-116 VLM**</u>

Dear Counsel:

This is the Court's ruling on Defendant State of Delaware Insurance Coverage Office's Motion for Summary Judgment and Plaintiff's Motion to Amend the Complaint to Seek Relief Pursuant to the Doctrine of Promissory Estoppel. For the reasons stated below, Defendant State of Delaware Insurance Coverage Office's Motion for Summary Judgment is **GRANTED**, and Plaintiff's Motion to Amend the Complaint is **DENIED**.

## Factual and Procedural Background

On March 9, 2013, Plaintiff Clay Echevarria ("Plaintiff") was involved in a motor vehicle accident with an underinsured motorist who negligently caused the

collision.[1] Plaintiff claims to have suffered physical injury, mental anguish, and that he has incurred special damages.[2] At the time of the accident, Plaintiff was a State of Delaware employee. Plaintiff and the vehicle he was operating were insured under a policy issued by Defendant State of Delaware Insurance Coverage Office ("Defendant State").[3] Plaintiff and his personal vehicle were insured under a policy issued by Defendant Liberty Mutual General Insurance Company ("Liberty Mutual").[4] Both policies provided underinsured motorist ("UIM") benefits.[5]

On July 13, 2018, Plaintiff filed a Complaint alleging both Defendants breached their respective insurance policies for failing to reimburse him for his losses and damages.[6] On October 12, 2018, Defendant State filed a Motion for Summary Judgment. Plaintiff filed a Response to Defendant State's Motion for Summary Judgment on November 15, 2018.

Plaintiff also filed a Motion to Amend the Complaint to Seek Relief Pursuant to the Doctrine of Promissory Estoppel. On December 10, 2018, Defendant State filed an Objection to the Motion to Amend the Complaint. A hearing was rescheduled from December 17, 2018 to give Plaintiff additional time to respond. On January 10, 2019, Plaintiff filed his response. On January 16, 2019, Defendant State filed its reply. Oral arguments were heard on March 4, 2019 and the matter is now ripe for review.

## Discussion

### I. Summary Judgment

The burden of proof on a motion for summary judgment falls on the moving party to demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[7] If the moving party satisfies its initial burden, the non-moving party must sufficiently establish the

---

[1] Compl. ¶ 5.
[2] *Id.* ¶ 6.
[3] *Id.* ¶ 8.
[4] *Id.* ¶ 11.
[5] *Id.* ¶¶ 8, 11.
[6] Compl. ¶¶ 9,12.
[7] Super. Ct. Civ. R. 56(c).

2

"existence of one or more genuine issues of material fact."[8] Summary judgment will not be granted if there is a material fact in dispute or if "it seems desirable to inquire thoroughly into [the facts] in order to clarify the application of the law to the circumstances."[9] "All facts and reasonable inferences must be considered in a light most favorable to the non-moving party."[10]

### *Exclusivity Provision Under the Workers' Compensation Act*

At the time of Plaintiff's accident in 2013, the applicable provision of 19 *Del. C.* § 2304 stated:

> Every employer and employee, adult and minor, except as expressly excluded in this chapter, shall be bound by this chapter respectively to pay and to accept compensation for personal injury or death by accident arising out of and in the course of employment, regardless of the question of negligence *and to the exclusion of all other rights and remedies.*[11]

In *Simpson v. State*,[12] the Superior Court interpreted this pre-amended version of § 2304 to determine if a State employee was entitled to underinsured motorist coverage from her self-insured employer (the State of Delaware), for the same injuries she received workers' compensation benefits.[13] The Court found that the phrase "to the exclusion of all other rights and remedies" prohibited the plaintiff from recovering under the State's underinsured motorist and uninsured motorist policy.[14]

This provision was amended on September 6, 2016 and the exclusivity provision now provides an exception for the recovery of uninsured motorist benefits,

---

[8] *Quality Elec. Co., Inc. v. E. States Const. Serv., Inc.*, 663 A.2d 488, 1995 WL 379125, at *3-4 (Del. June 19, 1995) (TABLE). *See also* Rule 56(e); *Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979).

[9] *Ebersole v. Lowengrub*, 180 A.2d 467, 469-70 (Del. 1962).

[10] *Nutt v. A.C. & S. Co., Inc.*, 517 A.2d 690, 692 (Del. Super. 1986) (citing *Mechell v. Plamer*, 343 A.2d 620, 621 (Del. 1975); *Allstate Auto Leasing Co. v. Caldwell*, 394 A.2d 748, 752 (Del. Super. 1978)).

[11] 19 *Del. C.* § 2304 (2013) (emphasis added).

[12] 2016 WL 425010 (Del. Super. Jan. 28, 2016).

[13] *See generally id.*

[14] *See id.* at *4.

underinsured motorist benefits, and personal injury protection benefits.[15] The Supreme Court affirmed this Court's holding that this amendment was a substantive change that does not have retroactive application.[16] The parties are therefore in agreement that the amendment does not apply retroactively to Plaintiff's claim.

Plaintiff agrees that *Simpson* controls. He acknowledges that he has received workers' compensation benefits and the statute prevents his recovery of UIM benefits under the State's self-insurance policy. Thus, following *Simpson*, and without opposition, this Court finds that § 2304 bars Plaintiff's claim for underinsured motorist benefits against Defendant State. There is no genuine issue of any material fact regarding Plaintiff's inability to recover underinsured motorist coverage from Defendant State and it is entitled to judgment as a matter of law. Therefore, Defendant State's Motion for Summary Judgment premised on his UIM claim is **GRANTED.** Plaintiff's ability to proceed with his suit against Defendant State depends on whether he may assert his amended claim of promissory estoppel.

## II. Leave to Amend

Under Superior Court Rule 15(a), a party may amend its "pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."[17] Leave to amend should be granted in the absence of substantial prejudice or legal insufficiency.[18] Leave to amend should be freely given except when the "proposed amendment should be futile."[19]

Whether the amendment to include promissory estoppel would be futile is governed by a motion to dismiss standard under Rule 12(b)(6). This requires that all allegations in the amended complaint must be accepted as true and the "proposed

---

[15] *See* 19 *Del. C.* § 2304 (2016) ("Except as expressly excluded in this chapter and except as to uninsured motorist benefits, underinsured motorist benefits, and personal injury protection benefits, every employer and employee, adult and minor, shall be bound by this chapter respectively to pay and to accept compensation for personal injury or death by accident arising out of and in the course of employment, regardless of the question of negligence and to the exclusion of all other rights and remedies.")

[16] *See Robinson v. State*, 2017 WL 1363894, at *2 (Del. Super. Apr. 11, 2017), *aff'd*, 176 A.3d 1274, 2017 WL 6422370 (Del. Dec. 18, 2017) (TABLE).

[17] Super. Ct. Civ. R. 15(a).

[18] *E.I. DuPont de Nemours & Co. v. Allstate Ins. Co., et al.*, 2008 WL 555919, at *1 (Del. Super. Feb. 29, 2008)

[19] *Clark v. State Farm Mutual Automobile Insurance Co.*, 131 A.3d 806, 811 (Del. 2016) (citing *Price v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011); *Cornell Glasgow LLC v. La Grange Props., LLC*, 2012 WL 2106945, at *12 n.134 (Del. Super. June 6, 2012)).

amendment will not be dismissed unless the plaintiff would not be entitled to recovery under any reasonably conceivable set of circumstances susceptible of proof."[20]

## *Contentions of the Parties*

Plaintiff alleges in his proposed amended complaint that Defendant State offered underinsured motorist coverage in July 2015 that was below the limits of coverage "which both parties were under the impression existed at that time."[21] He states Defendant Liberty Mutual "would not consider any claim for underinsured motorist benefits until Plaintiff exhausted his benefits under the State's coverage or otherwise provided proof that there was no such coverage available."[22] Plaintiff claims he changed his position as a result of the State's offer of underinsured motorist coverage "because the offer made Liberty Mutual's participation conditional upon the State's coverage being exhausted or withdrawn."[23] He claims he relied on Defendant State's offer to his detriment because Defendant Liberty Mutual is now asserting in its Answer that his claim under the policy is untimely.[24]

In addition to several objections, Defendant State argues the proposed amendment should be denied as futile.[25] This is so where § 2304 bars recovery "to the exclusion of all other rights and remedies," including those available under a claim for promissory estoppel.[26]

This Court finds that Plaintiff is seeking to proceed with a proposed amendment that will ultimately suffer dismissal under 12(b)(6). It is futile. Under the pre-amended version of 19 *Del. C.* § 2304, Plaintiff's remedies are exclusive to those provided by the Workers' Compensation Act. Plaintiff fails to state reasons

---

[20] *E.I. DuPont*, 2008 WL 555919, at *1 (finding that the standard for assessing legal sufficiency of a proposed amendment is the same standard for motion to dismiss under Rule 12(b)(6)).

[21] Pl.'s Mot. to Amend Compl. to Seek Relief Pursuant to Doctrine of Promissory Estoppel, at Ex. A ¶ 8 [hereinafter Proposed Am. Compl.].

[22] Proposed Am. Compl. ¶ 9.

[23] *Id.* ¶ 10.

[24] *Id.* ¶ 12.

[25] Defendant State of Delaware Insurance Coverage Office's Objection to Mot. to Amend Compl. ¶ 5 [hereinafter Def.'s Obj.].

[26] The Court need not address Defendant State's alternative arguments for summary judgment which include that a claim for promissory estoppel is barred by sovereign immunity, cannot be asserted against the State as a matter of law, or that Plaintiff substantively fails to state a claim under 12(b)(6).

why the Act's exclusivity provision and the *Simpson* decision are distinguishable under his proposed theory of promissory estoppel.

Therefore, under Superior Court Civil Rule 15(a) and (c), Plaintiff's Motion to Amend the Complaint to Seek Relief Pursuant to the Doctrine of Promissory Estoppel is **DENIED**. Under Superior Court Civil Rule 56, Defendant State has demonstrated there are no genuine issues as to any material fact and its Motion for Summary Judgment is **GRANTED.**

Sincerely,

Vivian L. Medinilla
Judge

oc:     Prothonotary

6