# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FRIEDA CRAWFORD, Individually and as Administratrix of the Estate of JIMMY C. CRAWFORD, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. N15C-03-053 ASB |
| v. | ) ) ) | |
| A.O. SMITH CORPORATION, *et al.*, | ) ) | |
| Defendants. | ) | |

## ORDER

Submitted: February 19, 2019
Decided: April 10, 2019

*Upon Defendant Tenneco Automotive Operating Company Inc.'s
Motion for Summary Judgment,* **GRANTED.**

Ipek K. Medford, Esq., Bartholomew J. Dalton, Esq., Andrew C. Dalton, Esq., and Michael C. Dalton, Esq., of Dalton & Associates, P.A., Wilmington, Delaware; Patrick J. Smith, Esq. (*argued*) and Adam Balick, Esq., of Balick & Balick, LLC, Wilmington, Delaware; Weitz & Luxenberg, P.C., New York, New York (Of Counsel). *Attorneys for Plaintiff.*

Robert K. Beste, Esq. (*argued*) and Clarissa R. Chenoweth, Esq., of Smith Katzenstein & Jenkins LLP, Wilmington, Delaware; Jason A. Cincilla, Esq., Amaryah K. Koccino, Esq., and William B. Larson, Jr., Esq., of Manning Gross + Massenburg LLP, Wilmington, Delaware. *Attorneys for Defendant.*

**MEDINILLA, J.**

**AND NOW** this 10th day of April, 2019, upon consideration of Defendant Tenneco Automotive Operating Company Inc. ("Tenneco")'s Motion for Summary Judgment, the responses thereto, the parties' oral arguments and supplemental submissions, **IT IS HEREBY ORDERED** that the Motion for Summary Judgment is **GRANTED** for the following reasons:

1. Plaintiff Frieda Crawford, Individually and as Administratrix of the Estate of Jimmy Crawford ("Plaintiff") claims her late husband contracted asbestos-related lung cancer as a result of his exposure to Tenneco's asbestos-containing product, specifically Walker mufflers.

2. Mr. Crawford, as the product identification witness, was deposed in July and August of 2015. He testified that his exposure to Walker mufflers occurred while he worked as an automotive mechanic at two locations between 1963 and approximately 1965. In Mr. Crawford's first deposition, he testified that he worked about one year at A&W Motors from 1963 to 1964, and for about two years at Sheffield Motor Supply immediately thereafter.[1] While working at these locations, he performed exhaust and muffler work,[2] and testified that the main brand he remembered was Walker "because it was a big brand."[3] He testified that he believed he was exposed to asbestos when he replaced original mufflers or the exhaust

---

[1] Def.'s Mot. Summ. J., Ex. A at 25-26.
[2] *Id.*, Ex. A at 80-81, 108-109.
[3] *Id.*, Ex. A at 81, 109.

2

system.[4] He was asked at his deposition how he formed this belief. Specifically, "the basis of your saying that it's asbestos is, you may have been told that potentially by your father and because it was a heat application?"[5] Plaintiff responded affirmatively.[6]

3. He also testified about the composition of the muffler lining. During Mr. Crawford's second deposition, he described that the lining of a Walker muffler was "like a mesh" and "would create dust when…removing and replacing [the muffler]."[7] He was unable to identify the color of the lining "after it'd been in a muffler that long."[8] He further explained that the size of the muffler varied by the model of the car.[9]

4. Tenneco filed its Motion for Summary Judgment on July 20, 2018, contending that: (1) "Plaintiff cannot show a 'significant probability' that any asbestos-containing product manufactured, sold, or distributed by Tenneco caused Mr. Crawford's injury"[10] and (2) only some Walker mufflers contained asbestos during certain periods of time and Plaintiff fails to satisfy Delaware's summary

---

[4] Def.'s Mot. Summ. J., Ex. A at 112-113.
[5] *Id.*, Ex. B at 224.
[6] *Id.*, Ex. B at 224.
[7] *Id.*, Ex. D at 650.
[8] *Id.*, Ex. D at 650.
[9] Def.'s Mot. Summ. J., Ex. D at 649-650.
[10] *Id.* ¶ 8. Plaintiff does not focus on this argument under Oklahoma law in its responsive pleadings, rather the arguments rested on the applicability of *Stigliano v. Westinghouse*. The Court's analysis similarly focuses on *Stigliano* and Delaware's summary judgment standard.

judgment standard under *Stigliano v. Westinghouse*.[11]  Plaintiff filed a response in opposition to the Motion on December 14, 2018.  Tenneco filed a reply in support of its Motion on January 7, 2019.  The Court heard oral argument on the Motion on February 4, 2019.  During oral argument, Plaintiff raised for the first time the two post-*Stigliano* decisions of *In re Asbestos Litig. (Morrell)*[12] and *In re Asbestos Litig. 112010 JR Trial Group (Henderson)* to question the applicability and strength of *Stigliano*.[13]  Both sides were given an opportunity to present their respective positions in writing and supplemental submissions were by received by February 19, 2019.  The Motion is ripe for decision.

5.  Delaware Superior Court Civil Rule 56 mandates the granting of summary judgment where the moving party demonstrates that "there is no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law."[14]  "Once the movant meets its burden, then the burden shifts to the non-movant to demonstrate sufficiently an existence of one or more genuine issues of material fact."[15]  Summary judgment will not be granted if there is a material fact in dispute or if it "seems desirable to inquire thoroughly into [the facts] in order to

---

[11] 2006 WL 3026171 (Del. Super. Oct. 18, 2006). *See* Def.'s Mot. Summ. J. ¶ 9.
[12] *In re Asbestos Litig. (Morrell)*, C.A. No. N14C-10-296 (Del. Super. Apr. 13, 2017) (TRANSCRIPT) [hereinafter *Morrell*].
[13] 2011 WL 684164 (Del. Super. Feb. 2, 2011) [hereinafter *Henderson*].
[14] Super. Ct. Civ. R. 56(c).
[15] *Quality Elec. Co., Inc. v. E. States Const. Serv., Inc.*, 663 A.2d 488 (Del. 1995). *See also* Super. Ct. Civ. R. 56(e); *Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979).

clarify the application of the law to the circumstances."[16] In considering the motion, "[a]ll facts and reasonable inferences must be considered in a light most favorable to the non-moving party."[17] However, the Court shall not "indulge in speculation and conjecture; a motion for summary judgment is decided on the record presented and not on evidence potentially possible."[18]

6.     Oklahoma substantive law applies in this case. Under Oklahoma law, a plaintiff must establish the causative link between a specific defendant's asbestos-containing product and the plaintiff's injuries.[19] "This causative link must be established through circumstances which would insure that there was a *significant probability* that [the defendant's] acts were related to the [plaintiff's] injury."[20] The plaintiff "must prove that the product was the cause of the injury; the mere possibility that it might have caused the injury is not enough."[21] The Tenth Circuit explained that while the District Court approved of the *Lohrman* standard of frequency, regularity, and proximity, the significant probability standard applies under

[16] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962).

[17] *Nutt v. A.C. & S. Co.*, 517 A.2d 690, 692 (Del. Super. 1986) (citing *Mechell v. Palmer*, 343 A.2d, 621 (Del. 1975); *Allstate Auto Leasing Co. v. Caldwell*, 394 A.2d 748, 752 (Del. Super. 1978)).

[18] *In re. Asbestos Litig.*, 509 A.2d 1116 (Del. Super. 1986), *aff'd sub. nom. Nicolet, Inc. v. Nutt*, 525 A.2d 146 (Del. 1987).

[19] *Case v. Fibreboard Corp.*, 743 P.2d 1062, 1067 (Okla. 1987) (discussing "significant probability" standard and inapplicability of market share theory of liability under Oklahoma law).

[20] *Dillon v. Fibreboard Corp.*, 919 F.2d 1488, 1491 (10th Cir. 1990) (quoting *Case*, 743 P.2d at 1067) (internal quotation marks omitted) (emphasis in original).

[21] *Id.* (quoting *Kirkland v. General Motors Corp.*, 521 P.2d 1353, 1363 (Okla. 1974) (applying Oklahoma law).

Oklahoma law.[22] Tenneco argues under *Stigliano* that Plaintiff has failed to meet the requisite summary judgment standard.

7.      In opposition to summary judgment, Plaintiff argues two points. First, Plaintiff asks the Court to consider the inclusion of the word "some" as it relates to two different sets of Tenneco's standard interrogatory responses found in Delaware asbestos litigation dated June 22, 2015,[23] and standard interrogatory responses from a 2009 asbestos litigation in California.[24] Both sets of interrogatories asked Tenneco to provide information about asbestos-containing products it supplied, sold, or manufactured.

8.      Tenneco's responses to interrogatory number 12 of the 2015 version of the interrogatories provides that "From 1941 to 1977, an internal component of *some* Walker mufflers contained asbestos."[25] Tenneco's 2009 response instead reads "Walker Manufacturing Company engaged in the supply of asbestos-containing mufflers from approximately 1941 to 1978."[26] Plaintiff suggests that the inclusion of the word "some" in the more recent interrogatory is insufficient to establish that Tenneco produced both asbestos-containing and non-asbestos-containing products

---

[22] *Dillon*, 919 F.2d at 1491 (explaining that District Court "applied the Oklahoma standard while approving the Fourth Circuit's well-formulated method for analysis of the facts under that standard").

[23] Pl.'s Memorandum in Opp. to Def. Tenneco Inc. and Tenneco Automotive Walker Inc.'s Mot. for Summ. J., Ex. B at Interrogatory No. 12 [hereinafter Pl.'s Opp.].

[24] *Id.*, Ex. C at Interrogatory No. 30.

[25] *Id.*, Ex. B at Response to Interrogatory No. 12 (emphasis added).

[26] Pl.'s Opp., Ex. C at Response to Interrogatory No. 30.

to trigger a *Stigliano* analysis. Plaintiff does not cite any authority for this argument. This Court finds that Tenneco has established a basis for consideration under *Stigliano*.

9. Second, Plaintiff argues that *Stigliano* does not have the same force in light of the two subsequent decisions of *Morrell* or *Henderson*.[27] This Court disagrees. The cases are distinguishable. In *Morrell*, the plaintiff was a mechanic who worked at multiple service stations, including one for fourteen years.[28] He was expected to testify at trial. Evidence in *Morrell* included that the shops where plaintiff worked had used only Walker mufflers and there were repeat customers at these shops.[29] In denying summary judgment, the Court in *Morrell* explained "there might be further facts developed about the nature of repeat customers from the various shops where Mr. Morrell worked, about who came back, who didn't. He might be able to provide that, which might help."[30] Here, however, Mr. Crawford was deposed twice, has passed away, and the record is closed.

10. *Henderson* is also distinguishable. That case dealt with post-trial motions where the Court denied the plaintiffs' motion for judgment notwithstanding the verdict, finding that the plaintiffs "presented testimony that certain types of

---

[27] Plaintiff raised this argument about these two cases during oral argument, which prompted the Court's request for supplemental submissions.

[28] *Morrell*, C.A. No. N14C-10-296, at 10-11 (Del. Super. Apr. 13, 2017) (TRANSCRIPT).

[29] *Id.* at 10-13, 16-18.

[30] *Id.* at 17.

automotive clutches would have *had* to include asbestos during the time period the Hendersons operated their garages, regardless of the manufacturer."[31] At trial, one member of the plaintiffs' family identified a particular Zoom clutch disk used by his family that had an organic facing (asbestos-containing) that was "visibly distinguishable from ceramic and semimetallic [sic] facings, which Zoom also manufactured but never contained asbestos."[32] The Court explained that the defendant's motion for summary judgment had previously been denied because the plaintiffs "provided evidence linking" the plaintiffs to Victor asbestos-containing gaskets, after applying *Stigliano*.[33] The facts and procedural posture of both *Morrell* and *Henderson* are different from this case. *Stigliano* is still good law and will be followed, accordingly.

11. Under *Stigliano*, "[w]hen the record reveals that a defendant manufactured both asbestos-containing and non asbestos-containing versions of a product during the time period of alleged exposure, in the absence of evidence directly or circumstantially linking the plaintiff to the asbestos-containing product, the Court cannot draw the inference of exposure..."[34] and summary judgment must be granted on product nexus.[35] Tenneco has established it produced both asbestos-

---

[31] *Henderson*, 2011 WL 684164, at *7 (emphasis in original).
[32] *Id.* (citation omitted).
[33] *Id.*
[34] *Stigliano*, 2006 WL 3026171, at *1.
[35] *Id.* (citing *Lipscomb v. Chaplain Cable Corp.*, 1998 WL 102966 (Del. Super. Sept. 12, 1988)).

8

containing and non-asbestos-containing Walker mufflers that requires this Court to consider whether there is evidence linking Mr. Crawford to the asbestos containing version of the Walker mufflers.

12. Notably in *Henderson* and *Morrell,* the testimony of the plaintiffs or their families were critical to the denial of summary judgment. In *Henderson,* the Court found that the plaintiffs had testified and identified the asbestos-containing product, distinguishable in characteristic and description from the non-asbestos-containing product. At the summary judgment stage, they provided evidence linking the plaintiffs to an asbestos-containing product.[36] In *Morrell,* the plaintiff was expected to testify and there was evidence that plaintiff worked exclusively on Walker mufflers for fourteen years; facts from which a jury could infer that he worked repeatedly with asbestos-containing mufflers.[37] Here, Plaintiff does not and cannot rely on Mr. Crawford's testimony to establish the direct or circumstantial evidence that links him to the asbestos-containing product.

13. Before his death, Mr. Crawford testified that he worked for a limited time on two locations doing engine overhaul and muffler work as a mechanic. During both depositions, he was unable to identify the product other than to say he believed he worked mainly on Walker mufflers, and that he only believed they

---

[36] *See Henderson,* 2011 WL 684164, at *7.
[37] *Morrell,* C.A. No. N14C-10-296, at 17-18 (Del. Super. Apr. 13, 2017) (TRANSCRIPT).

9

contained asbestos through what his father may have told him. Not only is it based on assumption and speculation, this is inadmissible hearsay that cannot be used to link Mr. Crawford to the asbestos-containing version of the Walker mufflers.

14. Plaintiff is left to argue that this evidentiary link is found in one memo.[38] Plaintiff relies on Tenneco's 1976 internal memorandum that provides that Walker "has been actively pursuing, and *now* can recommend, a replacement material for the insulating, asbestos paper used in muffler construction."[39] Focusing on the word "now," Plaintiff seeks to introduce this as evidence that, prior to this time period, *all* Walker mufflers must have contained asbestos, including those worked on by Mr. Crawford. Plaintiff's attempt to establish this link through Tenneco's sole internal memorandum is weak. It is not the same as the evidence presented by the plaintiffs or their families in *Henderson* or *Morrell* that would allow a jury to make reasonable inferences that Mr. Crawford actually worked on an asbestos-containing product.

15. As Tenneco has established that it produced both asbestos-containing and non-asbestos-containing mufflers, under *Stigliano*, "the Court cannot draw the inference of exposure" in the "absence of evidence directly or circumstantially linking the plaintiff to the asbestos-containing product."[40] Plaintiff has failed to

---

[38] Pl.'s Sur-Reply Letter at 3 ("The linking evidence in the Crawford case is the memo.")
[39] *Id.*, Ex. D at 1 (emphasis added).
[40] *Stigliano*, 2006 WL 3026171, at *1.

10

present evidence from which a jury could reasonably infer, without undue speculation, that Mr. Crawford was exposed to asbestos-containing mufflers associated with Tenneco. Thus, under Rule 56, this Court finds Plaintiff has failed to provide evidence creating a genuine issue of material fact to survive summary judgment.

**IT IS SO ORDERED** that Defendant Tenneco's Motion for Summary Judgment is **GRANTED**.

Judge Vivian L. Medinilla

cc:    Original – Prothonotary
All Counsel via File&Serve

11