# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STEVEN HEASLEY,          )
                                )
        Plaintiff,        )
                                )
        v.               )    C.A. No. N20C-09-246 VLM
                                )
ALLSTATE PROPERTY AND  )
CASUALTY INSURANCE      )
COMPANY,                )
                                )
        Defendants.     )

## ORDER

Submitted: March 22, 2022
Decided: March 28, 2022

*Upon Consideration of Plaintiff Steven Heasley's Motion for Summary Judgment,*

## DENIED.

*Upon Consideration of Defendant Allstate Property and Casualty Insurance Company's Cross Summary Judgment Motion on Reformation Action,*

## GRANTED.

Lawrance Spiller Kimmel, Esq. and Linda L. Malkin, Esq. of Kimmel, Carter, Roman, Peltz & O'Neill, P.A., Christiana, Delaware. *Attorneys for Plaintiff.*

Arthur D. Kuhl, Esq. of Reger, Rizzo & Darnall, Wilmington, Delaware. *Attorney for Defendant.*

**MEDINILLA, J.**

**AND NOW TO WIT**, this 28th day of March 2022, upon consideration of Plaintiff Steven Heasley's Motion for Summary Judgment, Defendant's Response in Opposition, Defendant's Cross Summary Judgment Motion on Reformation Action, Plaintiff's Response in Opposition, oral arguments, and the record in this case, **IT IS HEREBY ORDERED** that Plaintiff's Motion is **DENIED** and Defendant's Motion is **GRANTED** for the following reasons:

1. This is a personal injury claim arising out of a motor vehicle accident. On August 15, 2018, Steven Heasley ("Plaintiff") was involved in a head-on collision with another vehicle in which the driver of that other vehicle left the scene of the accident prior to the arrival of the police.[1] This vehicle was registered to a Francis Delgado[2] and listed as insured with Access Insurance Company ("Access").[3] Access became insolvent in March 2018.[4] Plaintiff was driving a 1998 Lincoln Continental (the "Lincoln"),[5] insured through Allstate Property and Casualty Insurance Company ("Defendant").

2. Plaintiff's original policy with Defendant began in September 2017, which provided coverage for multiple vehicles.[6] Various changes were made to the

---

[1] Deposition of Steven Heasley, at 68:24-69:5.
[2] *See* Exhibit B to Plaintiff's Motion for Summary Judgment, at 2.
[3] *See id.*
[4] *See* Plaintiff's Motion for Summary Judgment, D.I. 25, ¶ 2 [hereinafter Plaintiff's Motion].
[5] At the time of the accident, the Lincoln was insured through Defendant for liability coverage of $25,000 per person/$50,000 per accident.
[6] *See* Exhibit C to Plaintiff's Motion for Summary Judgment.

insurance policy,[7] including the addition of the Lincoln in May 2018.[8] Multiple uninsured/underinsured ("UM/UIM") waiver forms were signed by the Plaintiff for various vehicles throughout the time of the policy.[9] No waiver form was ever executed for the Lincoln.[10]

3.      Plaintiff reported the accident to Defendant, and sometime thereafter, Defendant sent Plaintiff a UM/UIM form, requesting his signature regarding the Lincoln.[11] The envelope was postmarked by the U.S. Postal Service on August 30, 2018,[12] yet the form was backdated to May 22, 2018.[13] Plaintiff never signed the form.[14]

4.      Plaintiff filed his Complaint against Defendant on September 24, 2020, seeking reformation of the insurance policy to provide UM/UIM coverage. He further filed this pending Motion for Summary Judgment on January 10, 2022. Defendant filed its response and a cross motion on February 3, 2022. Oral arguments were held on March 22, 2022. This matter is now ripe for decision.

---

[7] *See* Exhibit G to Plaintiff's Motion for Summary Judgment; Exhibit J to Plaintiff's Motion for Summary Judgment; Exhibit I to Plaintiff's Motion for Summary Judgment; Exhibit K to Plaintiff's Motion for Summary Judgment.
[8] *See* Exhibit J to Plaintiff's Motion for Summary Judgment.
[9] *See* Exhibit D to Plaintiff's Motion for Summary Judgment; Exhibit F to Plaintiff's Motion for Summary Judgment; Exhibit H to Plaintiff's Motion for Summary Judgment.
[10] *See* Exhibit L to Plaintiff's Motion for Summary Judgment, at 2 (letter from Defendant acknowledging the waiver form was never signed).
[11] *See id.*
[12] *See id.* at 1.
[13] *See id.* at 3.
[14] *See* Deposition of Steven Heasley, at 270:1-6.

**Party Contentions**

5.      Plaintiff contends that summary judgment is warranted because at the time that he added the Lincoln, Defendant failed to make a meaningful offer of UM/UIM coverage in violation of 18 *Del. C.* § 3902, citing to *Mason v. USAA*[15] for support.  Plaintiff argues the addition of the Lincoln was a material change to the policy that obligated Defendant to offer UM/UIM coverage.[16]  Thus, Defendant's failure to make the offer entitles him to reformation as a matter of law.[17]

6.      Defendant argues that the "meaningful offer" provisions of 18 *Del. C.* § 3902(b) are not applicable, and that the appropriate analysis must be conducted under 18 *Del. C.* § 3902(a).[18]  Accordingly, Plaintiff has waived any future UM/UIM coverage because he failed to request such coverage in writing.[19] And that since Defendant had no duty to reoffer waived UM coverage, Plaintiff's reformation claim must fail.[20]  In the alternative, Defendant argues that even under a § 3902(b) analysis, summary judgment is appropriate where Plaintiff conceded during his deposition

---

[15] 697 A.2d 388 (Del. 1997).
[16] *See* Plaintiff's Motion, ¶¶ 18, 20.
[17] *Id.* ¶ 26.
[18] *See* Defendant's Opposition to Plaintiff's Summary Judgment Motion on Reformation Action, D.I. 30, at 2 [hereinafter Defendant's Opposition]; Defendant's Cross Summary Judgment Motion on Reformation Action, D.I. 29, at 3 [hereinafter Defendant's Cross Motion].
[19] Defendant's Opposition, at 4.
[20] Defendant's Cross Motion, at 5–6.

that he did not know if he would have accepted UM/UIM coverage even if Defendant had offered it.[21]

## Standard of Review

7.      The burden of proof on a motion for summary judgment under Superior Court Civil Rule 56 falls on the moving party to demonstrate that "there is no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law."[22]  If the moving party satisfies its initial burden, the non-moving party must sufficiently establish the "existence of one or more genuine issues of material fact."[23]  Summary judgment will not be granted if there is a material fact in dispute or if "it seems desirable to inquire thoroughly into [the facts] in order to clarify the application of the law to the circumstances."[24]  "All facts and reasonable inferences must be considered in a light most favorable to the non-moving party."[25]

## Discussion

8.      Plaintiff seeks reformation through reliance on the "meaningful offer" language found under 18 *Del. C.* § 3902(b).  The Delaware Supreme Court has

---

[21] *See* Defendant's Opposition, at 5–6.
[22] SUPER. CT. CIV. R. 56(c).
[23] *Quality Elec. Co., Inc. v. E. States Const. Serv., Inc.*, 663 A.2d 488, 1995 WL 379125, at *3–4 (Del. 1995); *see also Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979).
[24] *Ebersole v. Lowengrub*, 180 A.2d 467, 469–70 (Del. 1962).
[25] *Nutt v. A.C. & S. Co., Inc.*, 517 A.2d 690, 692 (Del. Super. 1986) (citing *Mechell v. Plamer*, 343 A.2d 620, 621 (Del. 1975); *Allstate Auto Leasing Co. v. Caldwell*, 394 A.2d 748, 752 (Del. Super. 1978)).

repeatedly held that 18 *Del. C.* § 3902(a) and § 3902(b) are distinct subsections and application of the appropriate subsection is critical to conducting an appropriate analysis.[26] Based on this factual record, the proper analysis must be conducted under § 3902(a), not (b).

### A. *18 Del. C. § 3902(b) is Inapplicable*

9. Plaintiff is correct that under 18 *Del. C.* § 3902(b) "[e]very insurer shall offer to the insured the option to purchase additional coverage for personal injury or death . . . ."[27] Also accurate is that an insurance provider must demonstrate it made a "meaningful offer" of the additional coverage.[28] But here, when provided with an opportunity to select UM/UIM coverage, Plaintiff at various times rejected it. Thus, we must look at § 3902(a) first.

10. Under 18 *Del. C.* § 3902(a), an insurance provider is required to make an offer of UM/UIM coverage prior to the issuance of an insurance policy.[29] There is no dispute that this occurred here. An insurance company has "fulfilled its

---

[26] *See Banaszak v. Progressive Direct Ins. Co.*, 3 A.3d 1089, 1093 (Del. 2010); *Humm v. Aetna Cas. & Sur. Co.*, 656 A.2d 712, 714–15 (Del. 1995).

[27] 18 *Del. C.* § 3902(b).

[28] *See, e.g.*, *Mason*, 697 A.2d 388 at 394 ("The insurance carrier has the burden to make a meaningful offer of the additional coverage.").

[29] *See* 18 *Del. C.* § 3902(a); *Humm*, 656 A.2d at 713; *Johnson v. AIG Ins. Co.*, 2004 WL 1732211, at * 2 (Del. Super. July 26, 2004).

responsibility under this section of the statute" where it includes uninsured motorist coverage "unless waived by the insured."[30] As noted previously, this also occurred.

11. For rejection of UM coverage by an insured to be valid, it must be rejected on "a form furnished by the insurer or group of affiliated insurers describing the coverage being rejected."[31] It is undisputed that Plaintiff first rejected UM/UIM coverage on September 16, 2017.[32] On the form provided by Defendant, Plaintiff checked a box "[t]o reject this coverage entirely."[33] The form was also signed and dated by the Plaintiff. Following, *Johnson v. AIG Ins. Co,*[34] the Court finds this constitutes a valid wavier of UM/UIM coverage by Plaintiff under § 3902(a).

12. It is also undisputed that multiple UM/UIM waiver forms were signed by Plaintiff throughout the time of the policy.[35] When he added the Lincoln,[36] he neither rejected nor accepted UM/UIM coverage,[37] and claims it was Defendant's responsibility to make the meaningful offer.

---

[30] *Johnson*, 2004 WL 1732211, at * 3; *see also Daniels v. Seacoast Cab Co.*, 2006 WL 2337361, at * 1 (Del. Super. July 27, 2006) (finding 18 *Del. C.* § 3902(a) requires all motor vehicles registered in Delaware have UM coverage unless rejected in writing by the insured).

[31] 18 *Del. C.* § 3902(a)(1).

[32] *See* Exhibit D to Plaintiff's Motion for Summary Judgment, at 3.

[33] *Id.*

[34] 2004 WL 1732211 (Del. Super. July 26, 2004).

[35] *See* Exhibit D to Plaintiff's Motion for Summary Judgment; Exhibit F to Plaintiff's Motion for Summary Judgment; Exhibit H to Plaintiff's Motion for Summary Judgment.

[36] *See* Exhibit J to Plaintiff's Motion for Summary Judgment.

[37] *See* Exhibit L to Plaintiff's Motion for Summary Judgment, at 2.

13.     In support of reformation, Plaintiff relies on *Mason*. The Court finds it neither applicable nor persuasive. In *Mason* the court considered whether the plaintiff was entitled to reformation of the policy under § 3902(b) matching her UM limits to her bodily injury liability coverage limits because the insurance provider failed to make a "meaningful offer" of *additional* UM coverage.[38] Here, Plaintiff does not seek reformation to obtain additional coverage. Instead, he seeks to reform a policy that contained no UM/UIM coverage in the first instance.

14.     Unlike *Mason*, there is no requirement to offer additional coverage under § 3902(b) where Plaintiff previously waived his UM/UIM coverage. No consideration can be made regarding an offer of additional coverage when the initial coverage has been waived. Thus, the "meaningful offer" requirement under § 3902(b) is inapplicable.

15.     Even if applicable, Plaintiff equivocated during his deposition that he did not know if he would have accepted UM/UIM coverage even if Defendant had offered it.[39] Thus, Plaintiff presents no legal or factual basis that § 3902(b) applies. Thus, Plaintiff's redress is limited to an analysis under § 3902(a).

---

[38] *See generally Mason*, 697 A.2d 388.
[39] *See* Deposition of Steven Heasley, at 316:21-317:19.

7

### B. Reformation Not Available Under 18 Del. C. § 3902(a)

16. Importantly, § 3902(a) "does not require an 'offer' like subsection (b). . . ."[40] Thus, once the UM/UIM coverage is rejected/waived, an insurer's obligation to provide such coverage under § 3902(a) requires a written request from the insured as follows:

> No such coverage shall be required in or supplemental to a policy when rejected in writing . . . or upon any renewal of such policy or upon any reinstatement, substitution, amendment, alteration, modification, transfer or replacement thereof by the same insurer *unless the coverage is then requested in writing by the named insured.*[41]

17. Not only did Plaintiff reject his UM/UIM coverage, but no evidence exists that Plaintiff requested such coverage from the Defendant in writing when he added the Lincoln. The only writing on the record regarding UM/UIM coverage during the life of the policy is his ongoing intent to reject it.

18. Plaintiff argues that Defendant's pre-checked forms fail to satisfy the UM/UIM requirements.[42] Citing again to § 3902(b) and *Banaszak v. Progressive Direct Ins. Co,*[43] the outcome is the same. *Banaszak* considered that an individual must be adequately informed "[t]o fulfill the obligation of § 3902 by providing a

---

[40] *Johnson*, 2004 WL 1732211, at *3.
[41] 18 *Del. C.* § 3902(a)(1) (emphasis added).
[42] Plaintiff's Motion, ¶ 27.
[43] 3 A.3d 1089 (Del. 2010).

disclosure mechanism for informed insurance decisions."[44]  However, *Banaszak's* holding related to the insurance company's failure to offer *underinsured* motorist coverage under § 3902(b).[45]  This Court does not read the holding in *Banaszak* to apply under a § 3902(a) analysis.  Therefore, *Banaszak* is not helpful to Plaintiff.

19.    Finally, Plaintiff argues that the addition of the Lincoln constituted a "material change" to trigger the "meaningful offer" language.[46]  Plaintiff cites to *Drenth v. Colonial Penn Ins. Co,* which remains unhelpful as it also falls under § 3902(b).[47]  It is true that under Delaware law a change in vehicles under a policy is a "material change" which requires a "meaningful offer" of *additional* coverage under § 3902(b).[48]  However, no such requirement exists under § 3902(a).

## Conclusion

Under Rule 56, Defendant is entitled to judgment as a matter of law.  Plaintiff fails to sufficiently establish the existence of one or more genuine issues of material fact. Plaintiff expressly waived UM/UIM coverage under the policy and failed to request such coverage in writing as required under 18 *Del. C.* § 3902(a).  Section 3902(b) is not applicable.  The remedy of reformation is not available as a matter of

---

[44] *Id.* at 1095.  It is worth noting that the *Banaszak* court cited to multiple § 3902(b) cases when discussing fulfillment of being "adequately informed."
[45] *See id.*
[46] Plaintiff's Motion, ¶ 20.
[47] 1997 WL 720459 (Del. Super. Sept. 15, 1997).
[48] *See id.* at *3.

law.  Plaintiff's Motion for Summary Judgment is **DENIED.**  For the same reason, Defendant Allstate Property and Casualty Insurance Company's Cross Summary Judgment Motion on Reformation Action is **GRANTED.**

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge