**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

VIVIAN L. MEDINILLA
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0626

January 12, 2023

William R. Adams, Esquire
Dickie, McCamey & Chilcote, P.C.
222 Delaware Avenue, Suite 1040
Wilmington, DE 19801

Sean A. Dolan, Esquire
Mintzer, Sarowitz, Zeris, Ledva &
Meyers
919 N. Market Street Suite 200
Wilmington, DE 19801

**Re: *McConnell Transport LTD v. Rolando Moyano C.A. No.: N21C-07-049 VLM***

Dear Counsel:

On January 5, 2023, the Court held a virtual hearing on Defendant's Motion for Summary Judgment. For the reasons stated below, Defendant's Motion is **DENIED.**

## *Relevant Facts & Procedural History*

This case arises out of an accident that occurred on May 15, 2020, where Plaintiff's truck operator was driving on an interstate highway,[1] and hit a vehicle in the middle of the road,[2] after the vehicle's engine stopped working due to mechanical defects.[3] Per the police report, Defendant owned/insured the vehicle, and it was driven by someone named Luis Mendez,[4] who was cited for driving without a valid license.[5] Plaintiff alleges its truck was damaged in that accident and caused by Defendant's negligence and negligent entrustment of his vehicle to Mr. Mendez.[6]

---

[1] Plaintiff's Complaint, ¶ 3.

[2] *Id.*

[3] Plaintiff's Response Brief, Ex. A, at 1.

[4] *Id.*

[5] *Id.* at 2.

[6] Although the Complaint only uses the term "negligence" and does not use the term "negligent entrustment," the Complaint has a "negligence" claim and a "negligent entrustment" claim. *See*

On August 15, 2022, Plaintiff took the deposition of Defendant with the assistance of an interpreter. No other witnesses have been deposed. Mr. Mendez cannot be found. Defendant testified vaguely that he had purchased the inoperable vehicle for the sole purpose of using parts.[7] He could not recall when. He stated that he had never driven the vehicle,[8] and admitted he never used the vehicle for its parts.[9] Instead, he recalled that he entered into an agreement with Mendez after Mendez approached him and expressed interest in buying it from him, also for its parts.[10] They came up with a purchase price of about $200, yet Defendant gave the title to Mendez without getting paid.[11] Defendant could not remember when the transaction occurred,[12] or whether he signed the title over to Mendez.[13] Defendant described Mendez as "irresponsible."[14]

## *Standard of Review*

The burden of proof on a motion for summary judgment under Superior Court Civil Rule 56 falls on the moving party to demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[15] If the moving party satisfies its initial burden, the non-moving party must sufficiently establish the "existence of one or more genuine issues of material fact."[16] Summary judgment will not be granted if there is a material fact in dispute or if "it seems desirable to inquire thoroughly into [the facts] in order to clarify the application of the law to the circumstances."[17] "All facts and reasonable inferences must be

---

Plaintiff's Complaint, ¶ 7 ("Defendant, Rolando Moyano, was negligent in that he: (a) negligently entrusted his vehicle to a third party without an operating driver's license; (b) failed to maintain and/or ensure that his vehicle was able to operate safely; (c) failed to make the necessary steps to confirm that the third party in question could safely and legally operate his vehicle; (d) was otherwise negligent in the inspection, maintenance and/or granting of permissive use of his vehicle.").

[7] Defendant's Opening Brief, Ex. B. at 6.

[8] *Id.* at 6–7.

[9] *Id.* at 7.

[10] *Id.* at 8.

[11] *Id.* at 9.

[12] *Id.* at 10.

[13] *Id.* at 9.

[14] *Id.* at 12.

[15] Super. Ct. Civ. R. 56(c).

[16] *Quality Elec. Co., Inc. v. E. States Const. Serv., Inc.*, 663 A.2d 488, 1995 WL 379125, at *3–4 (Del. 1995); *see also Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979).

[17] *Ebersole v. Lowengrub*, 180 A.2d 467, 469–70 (Del. 1962). *See also CNH Indus. Am. LLC v. Am. Cas. Co. of Reading*, 2015 WL 3863225, at *1 (Del. Super. June 8, 2015).

considered in a light most favorable to the non-moving party."[18] On this vague factual record, it is improper to rule as a matter of law.[19] With the unavailability of Mr. Mendez, it is likely that the record may never be fully developed. But what little we do know still survives under Rule 56.

### *Discussion*

The elements of the tort of negligent entrustment of an automobile are: "(1) entrustment of the automobile, (2) to a reckless or incompetent driver whom, (3) the entrustor has reason to know is reckless or incompetent, and (4) resulting damages."[20] The crucial element in the negligent entrustment tort is "the foreseeability of the harm, and not ownership of the chattel or control of the tortfeasor."[21]

Here, Defendant is listed as both the owner/insured of the vehicle. Although he claims he no longer owned the vehicle at the time of the accident, he acknowledges that Mendez called Defendant after the accident to tell him that he had moved the car and that the car had stopped.[22] It is unclear why Mendez would have reason to communicate with Defendant if the vehicle was no longer Defendant's concern. Ownership remains a genuine issue of material fact. And if a jury finds that Defendant owned the vehicle at the time of the accident, it is also for them to determine whether Defendant's conduct meets the elements of negligent entrustment when he turned over his vehicle to someone he described as irresponsible.

For these reasons, Defendant's Motion is **DENIED.**

Sincerely,

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

oc:     Prothonotary

---

[18] *Nutt v. A.C. & S. Co., Inc.*, 517 A.2d 690, 692 (Del. Super. 1986) (citing *Mechell v. Plamer*, 343 A.2d 620, 621 (Del. 1975); *Allstate Auto Leasing Co. v. Caldwell*, 394 A.2d 748, 752 (Del. Super. 1978)).

[19] *See CNH Indus. Am. LLC v. Am. Cas. Co. of Reading*, 2015 WL 3863225, at *1 (Del. Super. June 8, 2015) ("If, however, the record reveals that material facts are in dispute, or if the factual record has not been developed thoroughly enough to allow the Court to apply the law to the factual record, then summary judgment will not be granted.").

[20] *Perez-Melchor v. Balakhani*, 2006 WL 3055852, at *4 (Del. Super. Oct. 26, 2006).

[21] *Id.*

[22] Defendant's Opening Brief, Ex. B. at 12.

3