**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

**ROBERT H. ROBINSON, JR.**
**JUDGE**

**Sussex County Courthouse**
**1 The Circle, Suite 2**
**Georgetown, DE 19947**
**Telephone: (302) 856-5264**

Submitted: December 18, 2024
Decided: February 25, 2025

Edward C. Gill, Esq.
Stephen W. Welsh, Esq.
Alaina M. Chamberlain, Esq.
Gill, Welsh & Chamberlain, P.A.
16 North Bedford Street
Georgetown, DE 19947
*Attorneys for Plaintiff Charles*
*Daniel Quillen*

Matthew E. O'Byrne, Esq.
Daniella C. Spitelli-Sarnecky, Esq.
Casarino Christman Shalk Ransom &
Doss, P.A.
1000 N. West Street, Suite 1450
Wilmington, DE 19899
*Attorneys for Defendant State Farm*
*Mutual Automobile Insurance*
*Company*

Re: Charles Daniel Quillen v. State Farm Mutual Automobile Insurance
Company and Progressive Direct Insurance Company.
C.A. No.: S23C-10-030 RHR

Dear Counsel:

This matter arose after Plaintiff Charles Daniel Quillen ("Quillen") sustained

injuries in a car accident while riding as a passenger in a vehicle operated by Maria

Loa-Soto ("Loa-Soto"). Quillen settled his injury claim against Loa-Soto for the full

amount of her insurance policy's limits through Defendant State Farm Mutual

Automobile Insurance Company ("State Farm"). Quillen brought this action to

collect underinsured motorist ("UIM") benefits from State Farm. State Farm has moved for summary judgment.[1] For the following reasons, State Farm's motion for summary judgment is GRANTED.

The burden of proof on a motion for summary judgment under Superior Court Civil Rule 56 requires the moving party to demonstrate that there is "no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law."[2] If the burden is satisfied, the non-moving party must establish the "existence of one or more issues of material fact."[3] "All facts and reasonable inferences are considered in a light most favorable to the non-moving party."[4] Summary judgment may not be granted where there is a material fact in dispute or where "it seems desirable to inquire thoroughly into [the facts] in order to clarify the application of the law to the circumstances."[5]

This matter hinges on Delaware's choice of law rules, which, in this case, impose the law of the state with the "most significant relationship to the occurrence and the parties."[6] The parties disagree as to whether Delaware or Maryland's policy limit laws apply. Quillen's action cannot survive summary judgment under

---

[1] Defendant Progressive Direct Insurance Company was dismissed from this case by order dated August 5, 2024.
[2] Super. Ct. Civ. R. 56(c).
[3] *Quality Elec. Co., Inc. v. E. States Const. Serv., Inc.*, 1995 WL 379125, at *3-4 (Del. 1995).
[4] *Nutt v. A.C. & S. Co., Inc.*, 517 A.2d 690, 692 (Del. Super. 1986) (citing *Mechell v. Plamer*, 343 A.2d 620, 621 (Del. 1975)).
[5] *Ebersole v. Lowengrub*, 180 A.2d 467, 469-70 (Del. 1962).
[6] *Tiller v. Nationwide Mutual Insurance Company*, 2007 WL 2199648, at *1 (Del. Super. 2007).

Maryland's interpretation of its UIM laws. Under Maryland law, UIM limits are offset by any award already paid to the plaintiff by the tortfeasor. Under Delaware law, UIM limits are *not* offset by the previously recovered award. Quillen has already recovered $30,000 for his injuries. Because State Farm's UIM limit is $30,000, Quillen would be unable to recover anything further under the policy if Maryland's offset rule applied.

It is uncontested that the insurance policy in question is a Maryland policy—it was written and purchased in Maryland and expressly provides that it is controlled by Maryland law. Further, at the time of the accident, the vehicle covered under the policy was registered in Maryland and Loa-Soto was listed as a Maryland resident under the policy. *Tiller v. Nationwide Mutual Insurance Company* informs this matter, as it shares a nearly analogous set of facts.[7] In *Tiller*, the plaintiffs were Maryland residents seeking UIM payments after being injured in a car accident in Delaware. This court determined that Maryland shared the most significant relationship with the occurrence and the parties, reasoning that "[t]he parties are from Maryland; the vehicles are registered in Maryland; the contract was purchased and written in Maryland; the policy's [UIM] coverage provision expressly states that the policy is covered under Maryland law; and, the benefits will be paid in

---

[7] *Id.*

Maryland."[8] The *Tiller* court noted that the only Delaware contacts were the location of the accident itself and the plaintiff having received treatment in Delaware.[9] The only relevant distinctions between the instant case and *Tiller* are that the policyholder gave a Delaware address to the police who responded to the accident, and the plaintiff is a Delaware resident.

The parties' place of residence is not determinative in this case. Quillen argues that *Tiller* is not controlling because "Maryland's only connection to the case is that [Loa-Soto] was a former resident of the [s]tate and may or may not have informed her insurance carrier of her relocation prior to the Delaware accident."[10] The former argument overlooks important facts (e.g. the insurance policy was issued in Maryland, where the car was registered) and the latter does not shield Quillen from summary judgment. Loa-Soto's apparent failure to inform State Farm of her new Delaware address is understandable, but that fact does not outweigh the considerable Maryland contacts in this case. It is worth noting that the *Tiller* court determined that it was "*readily apparent* that Maryland [had] the most significant relationship to [the Tillers'] claim."[11] This court is not persuaded that the parties' residence alone could have changed the outcome of *Tiller*. Likewise, Loa-Soto's Delaware residence

---

[8] *Id.*
[9] *Id.*
[10] D.I. 29, Pl's. Ans. Br. Opp. Def. State Farm Mut. Auto. Ins. Co's. Mot. Summ. J. at 9.
[11] *Tiller* at *1 (emphasis added).

should not render an opposite ruling in an otherwise analogous case (in which she is not a named party). To the extent that Loa-Soto's residence does carry any weight, it weighs in favor of summary judgment as Loa-Soto held herself out to be a Maryland resident when she signed the contract, and State Farm was not on notice of her new residence until this matter arose.[12] If Loa-Soto had changed her address to Delaware, State Farm was certainly not on notice of the change at the time of the accident. In keeping with the *Tiller* decision, this court also finds that applying Maryland law is consistent with the policyholder's expectations.[13] Loa-Soto's policy, like the Tillers', "expressly calls for the offset against its limit" and for the application of Maryland law through its nonduplication and choice of law provisions respectively.[14]

"The flexibility of [the most significant relationship] doctrine requires that each case be decided on its own facts."[15] In this case, the policyholder's place of residence carries less weight because she is not the plaintiff, and she was a Maryland resident when she signed the contract and purchased the policy. Delaware courts will give policyholders' place of residence greater weight when doing so has serious

---

[12] D.I. 33, Def. State Farm Mut. Auto. Ins. Co's. Supp. App. Reply Br., Exhibit D at 2-3.

[13] *Tiller* at *2.

[14] *Id.*; *see* D.I. 26, Def. State Farm Mut. Auto. Ins. Co's. Opening Br., Exhibits A-C (Exhibit B, Policy) at 14 ("We will not pay under Uninsured Motor Vehicle Coverage any damages: (1) that have already been paid to or for the insured: (a) by or on behalf of any person or organization who is or may be held legally liable for the bodily injury to the insured . . . ."); *Id.* at 30.

[15] *Travelers Indem. Co. v. Lake*, 594 A.2d 38, 48 (Del. 1991).

public policy implications for Delawareans.[16] *Travelers Indem. Co. v. Lake* is such a case.[17] In *Lake*, the Delaware Supreme Court applied Delaware law in an action by a Delaware policyholder to recover UIM benefits for an accident that occurred in Quebec. The court reasoned that the "[UIM] provision of Lake's policy arose out of Delaware law and [involved] issues of vital importance to Delaware citizens."[18] Giving Loa-Soto's place of residence reduced weight in this case does not disturb those protections because Loa-Soto was a Maryland resident when she contracted to purchase an insurance policy that expressly applied Maryland law. Quillen, on the other hand, was not the policyholder and has no contractual expectations that could be upset by the application of Maryland law. For that reason, applying Maryland law is consistent with the expectations of all contracting parties.

For the foregoing reasons, State Farm's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED**.

Sincerely,

*/s/ Robert H. Robinson, Jr.*
Judge

---

[16] *Id*. ("The uninsured motorist coverage provision of Lake's policy arose out of Delaware law and involves issues of vital importance to all Delaware citizens.").
[17] *Id*.
[18] *Id*.