# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STEVEN HEASLEY, )
)
Plaintiff, )
)
v. ) C.A. No. N20C-09-246 VLM
)
ALLSTATE PROPERTY AND )
CASUALTY INSURANCE )
COMPANY, )
)
Defendants. )

## ORDER

Submitted: March 22, 2022
Decided: March 28, 2022

*Upon Consideration of Defendant Allstate Property and Casualty Insurance Company's Summary Judgment Motion for Lack of Any Uninsured Motorist,*

## DENIED.

Lawrance Spiller Kimmel, Esq. and Linda L. Malkin, Esq. of Kimmel, Carter, Roman, Peltz & O'Neill, P.A., Christiana, Delaware. *Attorneys for Plaintiff*.

Arthur D. Kuhl, Esq. of Reger, Rizzo & Darnall, Wilmington, Delaware. *Attorney for Defendant*.

**MEDINILLA, J.**

**AND NOW TO WIT**, this 28th day of March 2022, upon consideration of Defendant Allstate Property and Casualty Insurance Company's Motion for Summary Judgment, Plaintiff's Response in Opposition, oral arguments, and the record in this case, **IT IS HEREBY ORDERED** that Defendant's Motion is **DENIED** for the following reasons:

1.      This is a personal injury claim arising out of a motor vehicle accident. On August 15, 2018, Steven Heasley ("Plaintiff")'s vehicle, a 1998 Lincoln Continental (the "Lincoln"),[1] was in a head-on collision with another vehicle in which the driver left the scene of the accident prior to the arrival of the police.[2] This other vehicle was registered to a Frances Delgado ("Delgado")[3] and insured with Access Insurance Company ("Access").[4] Access became insolvent in March 2018.[5]

2.      Plaintiff filed his Complaint against Defendant on September 24, 2020, alleging a personal injury claim for this accident and seeking reformation of the insurance policy to provide uninsured/underinsured ("UM/UIM") coverage. Defendant filed this pending Motion for Summary Judgment on February 3, 2022.

---

[1] At the time of the accident, the Lincoln was insured through Allstate Property and Casualty Insurance Company for liability coverage of $25,000 per person/$50,000 per accident.

[2] *See* Exhibit A to Defendant's Motion for Summary Judgment, at 6; Exhibit B to Plaintiff's Motion for Summary Judgment, at 2. Some exhibits referenced in the present motion were included in a separate motion for summary judgment filed by Plaintiff and referred in the present filings. As such, this Court will reference these exhibits although included in a separate filing.

[3] *See* Exhibit A to Defendant's Motion for Summary Judgment, at 2.

[4] *See* Exhibit B to Plaintiff's Motion for Summary Judgment, at 3.

[5] *See* Exhibit C to Defendant's Motion for Summary Judgment.

Plaintiff filed his response on March 7, 2022. Oral arguments were held on March 22, 2022. This matter is now ripe for decision.

**Party Contentions**

3.      Defendant argues Plaintiff has failed to establish a UM claim, namely that Plaintiff has not demonstrated that the driver of the vehicle is unknown or that the vehicle was uninsured where police identified the owner and driver of the vehicle as Delgado at the scene of the accident.[6] Defendant argues Plaintiff has not made sufficient efforts to sue Delgado or confirm the vehicle was not insured.[7] Defendant further argues summary judgment is appropriate because Plaintiff cannot satisfy a UM claim under 18 *Del. C.* § 3902(a)(3)(c) that this was a "hit-and-run vehicle."[8]

4.      Plaintiff argues a UM claim is appropriate where the female driver of the other vehicle left the scene of the accident before the police arrived[9] and still has not been identified.[10] Plaintiff maintains he made reasonable efforts to establish the absence of insurance, confirming Access was the only listed insured on the Delgado vehicle eleven months post-accident.[11] And that under 18 *Del. C.* § 3902(a)(3)(b), the vehicle is rendered uninsured because Access became insolvent in March 2018.[12]

---

[6] Defendant's Motion for Summary Judgment, D.I. 28, at 2 [hereinafter Defendant's Motion].
[7] *See generally* Defendant's Motion.
[8] *See* 18 *Del. C.* § 3902(a)(3)(c).
[9] *See* Deposition of Steven Heasley, at 68:2-69:5.
[10] Plaintiff's Response to Defendant's Summary Judgment Motion, D.I. 33, ¶ 15 [hereinafter Plaintiff's Response].
[11] *See id.* ¶ 10; Exhibit B to Plaintiff's Motion for Summary Judgment.
[12] Plaintiff's Response, ¶¶ 9–10.

## Standard of Review

5. The burden of proof on a motion for summary judgment under Superior Court Civil Rule 56 falls on the moving party to demonstrate that "there is no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law."[13] If the moving party satisfies its initial burden, the non-moving party must sufficiently establish the "existence of one or more genuine issues of material fact."[14] Summary judgment will not be granted if there is a material fact in dispute or if "it seems desirable to inquire thoroughly into [the facts] in order to clarify the application of the law to the circumstances."[15] "All facts and reasonable inferences must be considered in a light most favorable to the non-moving party."[16]

## Discussion

6. Delaware caselaw has established that "the burden of proving that the tortfeasor or party responsible for the injury is not insured, is on the party seeking to recover under the uninsured motorist provision."[17] The party seeking such recovery

---

[13] SUPER. CT. CIV. R. 56(c).

[14] *Quality Elec. Co., Inc. v. E. States Const. Serv., Inc.*, 663 A.2d 488, 1995 WL 379125, at *3–4 (Del. 1995); *see also Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979).

[15] *Ebersole v. Lowengrub*, 180 A.2d 467, 469–70 (Del. 1962).

[16] *Nutt v. A.C. & S. Co., Inc.*, 517 A.2d 690, 692 (Del. Super. 1986) (citing *Mechell v. Plamer*, 343 A.2d 620, 621 (Del. 1975); *Allstate Auto Leasing Co. v. Caldwell*, 394 A.2d 748, 752 (Del. Super. 1978)).

[17] *Fauconier v. USAA Cas. Ins. Co.*, 2010 WL 847289, at *2 (Del. Super. Mar. 1, 2010) (quoting *Lum v. Nationwide Mut. Ins. Co.*, 1979 WL 195347, at *4 (Del. Super. Dec. 19, 1979)).

must make "good faith reasonable efforts" to determine the responsible party is uninsured and provide satisfactory evidence of these efforts to the court to render suit against the other party unnecessary.[18] Determination of whether such good faith reasonable efforts have been made requires the court to "weigh the evidence."[19]

### A. The Vehicle is Uninsured under 18 Del. C. § 3902(a)(3)(b)

7. Under 18 *Del. C.* § 3902(a)(3)(b) insolvency of the insuring company renders a vehicle uninsured.[20] It is undisputed that Access is insolvent. Plaintiff provided a report from the Pennsylvania Department of Transportation[21] identifying Access as the insurer of the vehicle at the time of the accident.[22] No other insurance company was identified eleven months post-accident. At this juncture, the Court finds sufficient evidence exists that the vehicle was uninsured at the time of the accident under 18 *Del. C.* § 3902(a)(3)(b).[23] The next question is whether the tortfeasor has been identified to preclude Plaintiff from pursuing his UM claim.

---

[18] *Id.* at *2 (citing *DeEmedio v. Nationwide Ins. Co.*, 1987 WL 6542 (Del. Super. Jan.22, 1987)).
[19] *Id.*
[20] 18 *Del. C.* § 3902(a)(3)(b) (providing one way to define an uninsured vehicle as "One for which the insuring company denies coverage or becomes insolvent.").
[21] The other vehicle in the accident is registered in the Commonwealth of Pennsylvania.
[22] *See* Exhibit B to Plaintiff's Motion for Summary Judgment, at 3.
[23] Because Plaintiff is asserting a UM claim under 18 *Del. C.* § 3902(a)(3)(b) the Court declines to conduct an analysis under 18 *Del. C.* § 3902(a)(3)(c).

### B. Plaintiff Satisfied His Burden of Establishing Delgado is Uninsured

8.    Defendant argues that where the police report identifies the driver of the vehicle as "Ms. Delgado,"[24] then the tortfeasor was known.  Thus, Plaintiff did not put forth a good faith effort to sue the alleged tortfeasor[25] and that "[t]here is no basis to assume that the tortfeasor did not properly replace their coverage."[26] Defendant's argument is without merit.  It is well established that "if Plaintiff has made good faith reasonable efforts to contact the tortfeasor's alleged insurance company, and can provide evidence that the tortfeasor is uninsured, a suit against the tortfeasor is not necessary."[27]

9.    First, there is a genuine issue of material fact as to whether Delgado[28] was the driver/tortfeasor of the vehicle.  His/her identify remains unknown.  Plaintiff maintains that he spoke briefly to a female driver at the scene of the accident[29] but she fled before providing contact information to him or police.[30]  Therefore, it is unclear how police arrived at the conclusion that "Ms. Delgado" was the at-fault driver.

---

[24] Defendant's Motion, at 2.
[25] *Id.*; Defendant's Reply Brief in Support of Summary Judgment Motion for Lack of an Uninsured Motorist, D.I. 35, at 2.
[26] Defendant's Motion, at 2.
[27] *Fauconier*, 2010 WL 847289, at *2.
[28] Both sides agree that the record is also unclear as to the gender of Delgado, identified with a first name Francis and Frances, and the use of pronoun "he" but use of "*Ms*. Delgado."
[29] Plaintiff's Response, ¶ 15.
[30] *Id.* ¶ 11.

10.     Even accepting Defendant's assumption that the tortfeasor was Ms. Delgado, Plaintiff made good faith reasonable efforts to contact Access and provided evidence that Access was the only listed insured on the Delgado vehicle eleven months post-accident.[31]  Since the vehicle is rendered uninsured under 18 *Del. C.* § 3902(a)(3)(b) due to insolvency, Plaintiff's efforts at this stage are sufficient to demonstrate he utilized reasonable efforts to discover any additional insurance policies on the vehicle.

## Conclusion

For the reasons stated above, the Court finds Plaintiff has met his burden for establishing the vehicle was uninsured.  Further, the Court finds that a genuine issue of material fact remains as to whether Delgado was the driver.  Therefore, Defendant has not established it is entitled to judgment as a matter of law and Defendant's Summary Judgment Motion for Lack of Any Uninsured Motorist is **DENIED.**

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

---

[31] *See* Exhibit B to Plaintiff's Motion for Summary Judgment, at 3.