# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LAUREN KISS,                          )
                                      )
        Plaintiff,                    )
            v.                        )
                                      )
PAUL LATHROP,                         )        C.A. No. N24C-05-080 CLS
                                      )
        Defendant.                    )
                                      )
                                      )
                                      )
                                      )
                                      )

Date Submitted: October 3, 2025
Date Decided: January 29, 2026

*Upon Consideration of the Defendant's Motion for Partial Summary Judgment.* **DENIED.**

## MEMORANDUM OPINION

Michael P. Minuti, Esquire for McCann & Wall, LLC, *Attorney for Plaintiff*.

Kenneth M. Doss, Esquire & Namra Sandhu, Esquire for Casarino Christman Shalk Ransom & Doss, P.A., *Attorney for Defendant*.

**SCOTT, J**

Before the Court is the defendant's motion for partial summary judgment. This case arises from injuries the plaintiff sustained in a bike accident allegedly caused by the defendant's adjustment to the seat post of a bike sold to the plaintiff. The defendant contends this Court should grant summary judgment in his favor on the plaintiff's strict product liability claim because Delaware law applies, and Delaware law does not recognize strict product liability in tort. For the following reasons, defendant's motion is **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Paul Lathrop ("Defendant") runs a business out of his home in Hockessin, Delaware buying and selling used bikes online.[2] As a part of Defendant's business model, he buys used bikes to fix before advertising and re-selling the bikes on Facebook Marketplace and Craigslist in Delaware and Pennsylvania.[3]

In April 2022, Lauren Kiss ("Plaintiff"), a Pennsylvania resident, contacted Defendant about purchasing a Cannondale Synapse bicycle (the "bike") that Defendant advertised for sale on a Philadelphia Craigslist page.[4] The parties negotiated and agreed on a price via text message for Plaintiff to purchase the bike

---

[1] The facts are drawn from the Complaint and all documents the parties incorporated by reference. The Court accepts these facts solely for the purpose of ruling on the Motion.
[2] Plaintiff's Response in Opposition to Defendant's Motion for Partial Summary Judgment, Ex. B at 9, 20, 42, D.I. 40. ("Resp. to Mot. for Partial Summ. J."); Compl. ¶¶ 8–10.
[3] Resp. to Mot. for Partial Summ. J., Ex. B at 43, 46, 48.
[4] Compl. ¶¶ 1, 5–6; Resp. to Mot. for Partial Summ. J., Ex. A at 68, Ex. B. at 69.

from Defendant.[5]  On April 10, 2022, Plaintiff went to Defendant's home in Delaware to pick up the bike.[6]  Before Plaintiff paid Defendant and left with the bike, Defendant made adjustments to the seat post to ensure it was the appropriate height for Plaintiff.[7]

Three months later, in July 2022, Plaintiff took a bike ride on the Schuylkill River Trail in Pennsylvania to prepare for a race.[8]  While on her typical route, Plaintiff sustained injuries after the seat post detached from the bike.[9]  On May 8, 2024, Plaintiff filed a complaint alleging claims for negligence and strict product liability (applying Pennsylvania law) stemming from the June 2022 bike accident.[10]

Defendant filed the instant Motion for Partial Summary Judgment on August 26, 2025.  The matter has been fully briefed,[11] and is now ripe for decision.

## STANDARD OF REVIEW

The burden of proof on a motion for summary judgment under Superior Court Civil Rule 56 falls on the moving party to demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

[5] Compl. ¶¶ 6;  Resp. to Mot. for Partial Summ. J., Ex. A at 91.

[6] Compl. ¶¶ 8–9;  Resp. to Mot. for Partial Summ. J., Ex. A at 76, Ex. B. at 69.

[7] Compl. ¶ 11;  Resp. to Mot. for Partial Summ. J., Ex. A at 78–81, 83–84.

[8] Compl. ¶ 17; Resp. to Mot. for Partial Summ. J., Ex. A at 100–101.

[9] Resp. to Mot. for Partial Summ. J., Ex. A at 114–16, 119, 121, 129.

[10] *See generally* Compl.

[11] *See generally* Defendant's Mot. for Partial Summ. J., D.I. 38 (Mot. for Partial Summ. J.");  Resp. to Mot. for Partial Summ. J.;  Defendant's Reply to Plaintiff's Resp., D.I. 42 ("Reply to Resp.").

of law."[12]  If the moving party satisfies its initial burden, the non-moving party must sufficiently establish the "existence of one or more genuine issues of material fact."[13]  Summary judgment will not be granted if there is a material fact in dispute or if "it seems desirable to inquire thoroughly into [the facts] in order to clarify the application of the law to the circumstances."[14]  "All facts and reasonable inferences must be considered in a light most favorable to the non-moving party."[15]

## DISCUSSION

The issue here is whether Delaware or Pennsylvania law applies to Plaintiff's strict products liability claim.  Defendant is claiming that he is entitled to partial summary judgment on Plaintiff's strict product liability claim because Delaware law applies, which does not recognize strict product liability in tort.[16]  Plaintiff counters that the claim is governed by Pennsylvania law, which recognizes strict product liability in tort.[17]  The Court finds that Pennsylvania law applies here.

---

[12] Super. Ct. Civ. R. 56(c).

[13] *Quality Elec. Co., Inc. v. E. States Const. Serv., Inc.*, 663 A.2d 488, 1995 WL 379125, at *3–4 (Del. June 19, 1995) (TABLE);  *see also Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979).

[14] *Ebersole v. Lowengrub*, 180 A.2d 467, 469–70 (Del. 1962); *see also CNH Indus. Am. LLC v. Am. Cas. Co. of Reading*, 2015 WL 3863225, at *1 (Del. Super. June 8, 2015).

[15] *Nutt v. A.C. & S. Co., Inc.*, 517 A.2d 690, 692 (Del. Super. 1986) (citing *Mechell v. Plamer*, 343 A.2d 620, 621 (Del. 1975); *Allstate Auto Leasing Co. v. Caldwell*, 394 A.2d 748, 752 (Del. Super. 1978)).

[16] Mot. for Partial Summ. J. ¶ 2.

[17] Resp. to Mot. for Partial Summ. J. ¶¶ 3–9.

## I.    DELAWARE'S CHOICE-OF-LAW ANALYSIS

As a preliminary matter, the Court addresses Defendant's assertion that *Hervey v. Leisure World Corp.*[18] is "materially indistinguishable" to this action.[19] While the Court agrees that *Hervey* is factually analogous, this Court applied a choice-of-law provision from the Delaware Uniform Commercial Code to determine that Delaware law applied to a claim for strict product liability resulting from an injury in Pennsylvania.[20]  In later cases, however, the Delaware Supreme Court has concluded that the most significant relationship test under the Restatement (Second) of Conflicts is applied to resolve choice-of-law issues in tort.[21]  Consequently, the Court rejects Defendant's argument that Delaware law applies to Plaintiff's strict product liability claim under *Hervey*.

## II.    THE MOST SIGNIFICANT RELATIONSHIP TEST

"As the forum jurisdiction, Delaware's choice-of-law rules are used to determine the applicable law on a particular issue in a specific case."[22]  Because the

---

[18] 1991 WL 113427, at *1 (Del. Super. June 18, 1991).

[19]  Mot. for Partial Summ. J. ¶ 7.

[20] 1991 WL 113427, at *1.

[21] *Travelers Indem. Co. v. Lake*, 594 A.2d 38, 47 (Del. 1991);  *see e.g., Thompson v. Reinco., Inc.*, 2004 WL 1426971, at *1 (Del. Super. June 15, 2004) (applying the most significant relationship test to determine whether Delaware, New Jersey, Pennsylvania, or Maryland law applied to a product liability claim).

[22] *Laugelle v. Bell Helicopter Textron, Inc.*, 2013 WL 5460164, at *1 (Del. Super. Oct. 1, 2013) (citing *VantagePoint Venture Partners 1996 v. Examen, Inc.*, 871 A.2d 1108, 1116 (Del. 2005); *Travelers Indem. Co.*, 594 A.2d at 43, 47–48).

matter of whether Plaintiff may assert a claim for strict products liability in tort is substantive, the issue may "be properly subjected to a choice-of-law analysis."[23]

A court first must ask if "an actual conflict of law [exists] between the proposed jurisdictions."[24] To determine whether there is an actual conflict, the Court must ask whether the "application of the competing laws yield the same result[.]"[25] Here, the parties do not dispute that there is an actual conflict given that Plaintiff would be able to recover under a theory of strict product liability in tort in Pennsylvania, but not Delaware.

Thus, the Court applies the most significant relationship test to determine the applicable law.[26] Under this test, the "rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated" in Section 6.[27] The principles of Section 6 are:

(a) the needs of the interstate and international systems,
(b) the relevant policies of the forum,
(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

---

[23] *Laugelle*, 2013 WL 5460164, at *1 (citing *Monsanto Co. v. Aetna Cas. And Sur. Co.*, 1993 WL 563245, at *9 (Del. Super. Dec. 21, 1993)).

[24] *Bell Helicopter Textron, Inc. v. Arteaga*, 113 A.3d 1045, 1050 (Del. 2015).

[25] *In re CVS Opioid Ins. Litig.*, 301 A.3d, 1194, 1209 (quoting *Arch Ins. Co. v. Murdock*, 2018 WL 1129110, at *8 (Del. Super. Mar. 1, 2018) (internal citations omitted)) (internal quotation marks omitted).

[26] *Bell Helicopter Textron, Inc.*, 113 A.3d at 1050 (citing *Travelers Indem. Co.*, 594 A.2d at 47).

[27] *Bell Helicopter Textron, Inc.*, 113 A.3d at 1051 (quoting Restatement (Second) of Conflicts §§ 6, 145(1) (1971)) (internal quotation marks omitted).

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.[28]

These factors are then applied to the Section 145 contacts:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicil[e], residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.[29]

The contacts under Section 145 are "to be evaluated according to their relative importance with respect to the particular issue."[30] "The flexibility of [the Restatement test] requires that each case be decided on its own facts."[31]

## A. The Restatement Test Favors Application of Pennsylvania Law

The Court finds that Pennsylvania has the most significant relationship under the facts of this case.

### 1. The Place of Injury

The parties do not dispute that the place of injury is Pennsylvania. They do, however, dispute the significance of the place-of-injury contact. Defendant argues that the place of injury is "fortuitous" to the occurrence in the context of the

---

[28] Restatement (Second) of Conflicts § 6 (1971).
[29] *Id.* § 145(2).
[30] *Bell Helicopter Textron, Inc.*, 113 A.3d at 1051.
[31] *Travelers Indem. Co. v. Lake*, 594 A.2d at 48.

Plaintiff's product liability claim,[32] while Plaintiff claims it is determinative.[33] The Court agrees with Plaintiff.

Generally, the place of injury is "determinative" unless "it can be said to be fortuitous or when for other reasons it bears little relation to the occurrence and the parties with respect to the particular issue."[34] "The place of injury is considered 'fortuitous' when there is no other significant contact with the site other than the injury itself."[35]

Here, the place of injury was not fortuitous. For example, in *Bell Helicopter Textron, Incorporated v. Arteaga*, the place of injury was not fortuitous where the victims of a helicopter crash in Mexico were Mexican citizens that worked and lived in Mexico—i.e., the victims did not just happen to be in Mexico.[36] On the other hand, in *Thompson*, this Court considered the place of injury fortuitous where there "did not appear to be any other significant contact with Maryland" besides the injury itself.[37] Like *Bell Helicopter, Incorporated*, Plaintiff lived and worked in

---

[32] Reply to Resp. ¶ 7.

[33] Resp. to Mot. for Partial Summ. J. ¶ 6.

[34] *Bell Helicopter Textron, Inc.*, 113 A.3d at 1053 (quoting *Pallano v. AES Corp.*, 2011 WL 2803365, at *8 (Del. Super. July 15, 2011); Restatement (Second) of Conflicts § 145 cmt. e (1971)) (internal citations omitted); *see also Crawford v. Syngenta Crop Protection, LLC*, 2024 WL 2831554, at *4 (noting Delaware courts' tendency in personal injury actions to apply the substantive laws of the foreign state where the alleged injury occurred[.]").

[35] *Bell Helicopter Textron, Inc.*, 113 A.3d at 1053 (quoting *Pallano*, 2011 WL 2803365, at *8) (internal quotation marks omitted).

[36] *Bell Helicopter Textron, Inc.*, 113 A.3d at 1053–54.

[37] 2004 WL 1426971, at *1.

Pennsylvania when she was injured—she did not just happen to be there. Accordingly, the Court rejects Defendant's argument that the place of injury is fortuitous, and the remaining three factors do not rebut the presumption that the law of the place of injury should apply.

## 2. The Place Where the Conduct Causing the Injury Occurred

When evaluating the place where the conduct causing the injury occurred, modern trends "suggest that the jurisdiction where the product is marketed [and used] has a greater interest than a jurisdiction where a product is manufactured, developed, or tested."[38] Defendant markets his business in both Delaware and Pennsylvania. But because the bike was listed on Pennsylvania Craigslist, delivered to a Pennsylvania resident, and used in Pennsylvania, this contact favors applying Pennsylvania law.[39]

## 3. The Domicile, Residence, Nationality, Place of Incorporation, Principal Place of Business of the Parties

The parties' domiciles and principal place of business do not favor one jurisdiction over the other. Defendant is a resident of Delaware and has his principal place of business in Delaware. Plaintiff is a resident of Pennsylvania. Consistent with this Court's conclusion in *Thompson*, the circumstances here indicate that

---

[38] *Bell Helicopter Textron, Inc.*, 113 A.3d at 1055 (quoting *Thompson v. Reinco, Inc.*, 2004 WL 1426971, at *1 (Del. Super. June 15, 2004) (internal citations omitted)) (internal quotations marks omitted).

[39] *Thompson*, 2004 WL 1426971, at *1.

Pennsylvania has a stronger relationship than Delaware because Plaintiff was injured, worked, and lived in Pennsylvania at the time of the accident.[40]

### 4. The Place Where the Relationship, If Any, Existed Between the Parties is Centered

Defendant proffers that the parties' relationship centered in Delaware because the "only contacts, communications[,] and transactions occurred in Delaware, including the testing, evaluation, bike fit, test ride, purchase and pick-up of the" bike.[41] In the context of a strict product liability claim, this Court has found that the parties' relationship is centered on the place of delivery and the place of intended use.[42] This contact is neutral as delivery occurred in Delaware, but the intended place of use was Pennsylvania. Nevertheless, this last contact carries little weight given that the remaining contacts show that the action has a more significant relationship with Pennsylvania.

Moreover, the Section 6 principles do not otherwise compel a different outcome. Thus, the Court concludes that Pennsylvania law should apply under the most significant relationship test.

---

[40] *Id.*
[41] Reply to Resp. ¶ 11.
[42] *Thompson*, 2004 WL 1426971, at *2.

## CONCLUSION

For the foregoing reasons, defendant Paul Lathrop's Motion for Partial Summary Judgment is **DISMISSED**.

**IT IS SO ORDERED.**

/s/ Calvin Scott
Judge Calvin L. Scott, Jr.